PEDRON *v.* OLDS.

4-4618

Opinion delivered April 19, 1937.

*G. B. Oliver, Jr.,* for appellant.
*J. H. Lookadoo,* for appellee.

McHANEY, J. In his lifetime, J. F. Pedron held two policies of life insurance on his life, each for the sum of $2,000, one issued by the New York Life Insurance Company, and dated November 20, 1920, and the other executed by the Pacific Mutual Life Insurance Company, and dated February 2, 1924, both payable on his death to the appellant, who was his wife. The New York Life policy provided for a change in beneficiary as follows: ''Change of Beneficiary. The insured may at any time, and from time to time, change the beneficiary, provided this policy is not then assigned. Every change of beneficiary must be made by written notice to the company at its home office accompanied by the policy for indorsement of the change thereon by the company, and unless so indorsed the change shall not take effect. After such indorsement the change shall relate back to, and take effect as of the date the insured signed said written notice of change whether insured be living at the time of such indorsement or not. In the event of the death of

any beneficiary before the insured the interest of such beneficiary shall vest in the insured."

The Pacific Mutual policy contained a similar provision in the following language: "Change of Beneficiary. Subject to the rights of any assignee, the insured may from time to time, while this policy is in force, designate a new beneficiary by filing a written notice thereof at the home office of the company, accompanied by this policy for indorsement. Such change shall take effect on the indorsement of the same on this policy by the company, and not before. Should there be no beneficiary living at the time this policy becomes a claim by death, the proceeds thereof shall be paid to the executor, administrators or assigns of the insured."

Prior to June, 1933, the insured suffered a stroke of paralysis, became in poor health, and the appellant, his wife, separated from him and continued to live separate and apart from him until his death, the date of which is not shown in this record. We assume that he is dead, although there is no allegation to that effect in the complaint or in the answer, except that the answer sets out that Pedron left a will which has been probated, and that the appellee has been issued letters testamentary, exhibited with the answer, and there was exhibited with the testimony of appellee, the will. The will, after providing for the payment of his funeral expenses and debts, and for two specific bequests of $500 each, reads as follows: "After all my debts, funeral expenses and the two above amounts of five hundred ($500) each have been paid, I give, devise and bequeath unto my beloved daughter, Jamie Pedron, all the balance of my personal property, consisting principally of life insurance, to-wit:

"Policy No. 6860428 issued by New York Life Insurance Company on November 16, 1920, in the sum of $2,000.

"Policy No. 532552 issued by the Pacific Mutual Life Insurance Company and dated February 2, 1924, in the amount of $2,000. * * *."

There was never any attempt to change the beneficiary in the manner provided in said policies. This ac-

tion was begun by appellant in replevin seeking to recover said policies, in which it was claimed that she was the owner and entitled to possession thereof. The appellee defended under the terms of the will. The question presented to the lower court, and to this court on appeal is: Did the will have the effect of changing the beneficiary? The lower court decided that it did.

It is conceded by both parties that the beneficiary named in the policies had no vested interest, because under the provisions of the policies, he had the undoubted right to change the beneficiary in the manner therein provided. Under such circumstances, it is generally held that the beneficiary has no vested interest in the insurance during the lifetime of the insured, and such is our own holding. We do not appear to have heretofore decided the exact question here presented, that is, whether the insured may change the beneficiary, where the power to change is given in the policy, without the consent of the beneficiary, by a testamentary provision, or must he pursue the method prescribed in the policy. The cases from other jurisdictions are in hopeless conflict, but it seems to us that the better rule is with the cases that hold that the insured may change his beneficiary by valid will.

Underhill on Wills, page 71, lays down the following rule: "The cases which support the rule that the insured may dispose of the proceeds of a policy upon his life, though the beneficiary is specifically mentioned in the policy are based upon the theory that the latter during the life of the insured, has no vested right which the law protects. The majority of cases sustain this view and hold that in the absence of any special provision to the contrary between the insured and the insurer, the name of the beneficiary may be changed by the former without the consent of the beneficiary, and without notice to him. This would seem to be the correct view, for if the insured may, by ceasing to pay premiums, deprive the beneficiary of the proceeds of the policy altogether, why may he not do so as well while keeping the policy alive by bequeathing the proceeds to another? The in-

terest of the beneficiary under the policy assimilates closely to the expectation of the legatee under a will. The legacy vests upon the death of the testator, but until that date it may be revoked or adeemed.''

The above statement is quoted in *Benson* v. *Benson,* 125 Okla. 151, 256 Pac. 912, where a will changing the beneficiary in a War Risk policy was sustained. In *Wanamaker* v. *Stroman,* 167 S. C. 484, 166 S. E. 621, the Supreme Court of South Carolina took the contrary view, but in that case there was a strong dissenting opinion, based largely upon a previous decision of the Supreme Court of South Carolina, *Hunter* v. *Hunter,* 100 S. C. 517, 84 S. E. 180, and *Antley* v. *New York Life Insurance Co.,* 139 S. C. 23, 137 S. E. 199, 60 A. L. R. 184. In the Hunter case referred to, the insured entered his home and surprised his wife and her paramour who shot him, inflicting a mortal wound. Prior to his death the next day, he made a will changing the beneficiary in his policy of life insurance from his wife to his mother. The Supreme Court of South Carolina sustained the testamentary change in the beneficiary. The Antley case held, to quote a syllabus: ''Under life policy providing that insured, without consent of beneficiary, might receive every benefit and exercise every right and enjoy every privilege conferred on insured by policy, insured had absolute unquestioned right to assign policy and to subject interest of beneficiary thereto.'' This case, however, is not exactly in point, since there is no question of assignment involved in the instant case.

It appears to us that the provisions in the policies above set out relating to change in beneficiary were made for the benefit and protection of the insurer, as well as for the benefit of the insured. The purpose was to make certain and definite the person to whom the proceeds of the policy were to go upon the death of the insured, and it does not appear to us that any serious consequences could result adversely to the insurer's interest by permitting a change in beneficiary to be made by will, although it was pointed out to the contrary in *Wanamaker* v. *Stroman, supra,* in the following language: ''To hold

that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of the insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk that few companies would be willing to take, unless some specified time had elapsed after the death of insured, or that there had been some court adjudication as to whom the proceeds should be paid."

The insurer would not pay the beneficiary without the surrender of the policy or some evidence of its loss or destruction, and we do not apprehend that any court would require the insurer to pay the proceeds of the policy under a testamentary provision of the insured after payment had been made to the designated beneficiary and the policy surrendered. There are numerous cases holding that a policy may be assigned by the insured without the consent of the beneficiary where there is no vested interest in the beneficiary, and if the insured quits paying the premiums and the policy lapses, the beneficiary loses his interest therein along with the insured, and we can perceive no valid reason why, under similar conditions, a testamentary provision may not have the effect of changing the beneficiary. In the case before us, the beneficiary had no vested interest during the lifetime of the insured, and neither did the legatee under the will. Both provisions became effective on his death. The provision in the will conflicted with the provision in the policy designating appellant as beneficiary, and this being the insured's last expression on the subject, it ought to control.

Neither insurance company is a party to this litigation. So far as this record discloses, no proof of death has ever been made, and, of course, what we have here said is not conclusive as against the insurance companies, as only the rights of the parties to this litigation are here decided.

We think the court correctly determined the issue as to who was entitled to the possession of the policies, and its judgment is accordingly affirmed.

GRIFFIN SMITH, C. J., dissents.