### EICKELKAMP *v.* CARL.

4-4644

Opinion delivered May 3, 1937.

*J. T. McGill,* for appellant.

*C. C. Elrod* and *Vol T. Lindsey,* for appellees.

HUMPHREYS, J.   This is a suit brought by appellant, the father and only heir of W. M. Eickelkamp, deceased, to recover from appellee personally and as administrator of the estate of W. M. Eickelkamp, deceased, the proceeds of a double indemnity life insurance policy issued by the Life Insurance of Virginia, No. 260114, on the 19th day of November, 1934, in which Beulah Eickelkamp, was named as beneficiary, if living at the death of the insured, otherwise to the insured's executors, administrators, or assigns.   The right was reserved in the policy of insurance by the insured to change the beneficiary in the following manner:

"If the right of revocation has been reserved, the insured may at any time, while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under his policy, subject to any previous assignment; such change to take effect only upon indorsement of the same on this policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease."

On the 24th day of December, 1934, W. M. Eickelkamp and his wife, Beulah Eickelkamp, were enroute in their automobile to visit her father at Gentry, Arkansas, and suffered injuries in an automobile accident and were removed from the scene of the accident to the Poplar Bluff Hospital in Poplar Bluff, Missouri, where Beulah Eickelkamp died about noon and W. M. Eickelkamp died between five and six o'clock in the afternoon.   After the death of Beulah Eickelkamp, whose death had been communicated to W. M. Eickelkamp, he summoned two nurses and the secretary of the hospital and executed a will a

few hours before he died, in which he changed the name of the beneficiary in the life insurance policy from Beulah Eickelkamp to T. M. Carl, the father of his deceased wife. This will was duly probated after the burial of W. M. Eickelkamp and Beulah Eickelkamp in Gentry, in the probate court of Benton county, and no executor being named in the will, T. M. Carl was appointed administrator of the estate of deceased with the will annexed. T. M. Carl qualified as administrator, and upon the presentation of his letters, the will and the delivery of the policy of insurance, there having been no assignment thereof, the insurance company paid him $10,000 under the double indemnity clause in the policy. No appeal was taken from the judgment admitting the will to probate.

Appellant alleged in his complaint that the change in the name of the beneficiary in the policy was not made in accordance with the terms and provisions of the policy, and for that reason was not effective; and that as the father and the only heir of W. M. Eickelkamp, deceased, he (appellant) was entitled to the proceeds of the policy.

On the trial of the cause in the chancery court, appellant's complaint was dismissed for the want of equity, and from the judgment dismissing his complaint appellant has duly prosecuted an appeal to this court.

Appellant contends for a reversal of the decree because the method provided in the policy by which a change of the beneficiary in the insurance policy may be effected was exclusive, and that a substantial compliance with the provisions of the policy was necessary in order to change the beneficiary in the policy to T. M. Carl. In other words, that the beneficiary in the policy could not be changed by the will of the insured because that method was not authorized by the policy. It is insisted that in order to have effectuated a change of beneficiaries the insured must have given written notice to the insurance company at its home office that he desired to change the beneficiary, subject to any previous assignment, and that

such change could have become effectual only upon the indorsement of the same on the policy by the company.

This court decided in the case of *Pedron* v. *Olds, ante p.* 1026, 105 S. W. (2d) 70, that notwithstanding such a provision in life insurance policies that insured might effect a change of beneficiaries by will.

Appellant contends, however, that the language in the will did not definitely change the beneficiary. The language used is as follows:

"I have a $5,000 policy double indemnity, that I want to change the beneficiary from Mrs. W. M. Eickelkamp to her father." It is argued that in saying he wanted to change the beneficiary did not constitute a change of the beneficiary. Or that the language used was not tantamount to changing the beneficiary. If he did not intend to change the beneficiary by the language employed then it was idle ceremony on his part to refer to the policy at all. Certainly he did not mean to say that at some future time he intended to make the change. The language used in the other parts of the will does not support such an intention on his part. The following provisions appear in the will:

"In case of death telegraph Shrine Temple, Des Moines, Iowa, of my death."

"We have a tin box in our chest of drawers in Alabama with all our personal belongings, you will also find my wife has a checking account at Martin, Tennessee, also at First National Bank, Montgomery, Alabama."

"All the furniture I want Mr. and Mrs. Carl to have." Following these provisions he added a postscript as follows:

"We owe no bills, no outstanding bills of any kind, we owe $35 house rent the first of January."

These provisions indicate that he was making a complete disposition of all his worldly belongings under the impression that death was near.

In fact, he only lived about two hours after making the will.

No error appearing, the decree is affirmed.