BURKE v. DOWNING COMPANY.

4-5509

129 S. W. 2d 946

Opinion delivered May 29, 1939.

406

*Ras Priest,* for appellant.

·*Maddox & Greer,* for appellee.

· MEHAFFY, J.   On March 29, 1936, appellants purchased certain machinery from the appellee, Downing Company, for which they executed their notes for the sum of $1,031.75.   On October 30, 1936, appellants traded to appellee the binder for a new binder, and executed a title-retaining note.   This last mentioned note was held by the International Harvester Company and the International Harvester ·Company repossessed the binder.

On December 26, 1936, the parties met at Marked Tree and made a settlement.   The appellants executed and delivered to the appellee, Downing ·Company, a chattel mortgage on certain personal property.

In September, 1937, appellants filed a petition in the Poinsett chancery court against Downing Company and International Harvester Company praying an accounting from the Downing Company and a cancellation of the mortgage, and praying a restraining order against both defendants to prevent the sale of the binder.   A hearing was had and the restraining order was denied. No appeal was taken and no relief is sought on account of the original complaint.   The appellee, Downing Company, filed an answer and cross-complaint praying a recovery of an alleged balance of $283.88, and foreclosure of the mortgage dated December 26, 1936.

The appellants filed a reply and an amendment setting up certain claims and alleging that the notes did not

represent the amount claimed, and that certain payments made had not been credited, and alleging that the Downing Company was indebted to them.

The court rendered a decree in favor of the Downing Company against the appellants for $283.88 and a foreclosure of the mortgage. This appeal is prosecuted to reverse said decree.

In the decree it is stated: "That thereafter on the 26th day of December, 1936, defendant Downing Company, a corporation, had a settlement with plaintiffs, who are defendants in cross-complaint, whereby said indebtedness was reduced to $687.77, and the $550 note, hereinabove referred to, was reduced to the sum of $206.02, and the time of payment extended until February 1, 1937; that the interest on the $481.75 note was then paid, and the due date of the principal sum extended to March 1, 1937; that said sums bear interest from the 26th day of December, 1936, until final payment at the rate of eight per cent per annum.

"That since the execution of said mortgage, and on March 26, 1937, $300.00 was paid thereon, and on May 26, 1937, $155.00 was paid thereon, leaving a balance of the principal of $232.77 and interest to the amount of $51.11, making a total sum now due the Downing Company on said indebtedness of $283.88; that said sum bears interest from this date until paid at the rate of eight per cent per annum."

There was considerable evidence introduced by appellants, but all of it related to matters and disputes that arose prior to the settlement in December, 1936. The undisputed evidence shows that there was a settlement made, and that appellants executed a mortgage to secure the indebtedness due at that time. There is no claim that there was any fraud in the settlement, and all disputes that existed prior to this settlement are barred by the settlement.

The rule as to settlements is thus stated in 11 Amer. Jurisprudence, 249: "The law favors the amicable settlement of controversies, and it is the duty of courts

rather to encourage than to discourage parties in resorting to compromise as a mode of adjusting conflicting claims. The nature or extent of the rights of each should not be too nicely scrutinized. Courts should, and do, so far as they can do so legally and properly, support agreements which have for their object the amicable settlement of doubtful rights by parties; the consideration for such agreements is not only valuable, but highly meritorious. Because they promote peace, voluntary settlements of differences between parties having legal capacity to contract in respect of their rights, where all have the same knowledge or means of obtaining knowledge concerning the circumstances involving their rights and where there are no fraud, misrepresentations, concealments, or other misleading incidents, must stand and be enforced if intended by the parties to be final, notwithstanding the settlement made might not be that which the court would have decreed if the controversy had been brought before it for decision. Such agreements are binding without regard to which party gets the best of the bargain or whether all the gain is in fact on one side and all the sacrifice on the other.''

The appellee, Downing Company, testified that when they went to Marked Tree appellants owed it $986.93; that they had a settlement, but they quarreled and finally reduced it to $687.77. This evidence is not contradicted by appellants. The undisputed evidence shows that Downing took the appellants to Marked Tree in his car and after the settlement was made took them back in his car.

The appellants do not contend that there was any fraud in procuring or making the settlement, but their contention is altogether about disputes that arose before the settlement.

This court recently said: ''There is no charge of any mistake or fraud, duress or coercion, but the parties themselves settled, drew drafts, and gave checks in settlement, evidently taking into consideration everything that they regarded as necessary to a complete settlement

of the contract. And when parties have settled under such circumstances, the settlement is binding on the parties. The parties had a right, even if the contract was not ambiguous, to make any settlement satisfactory to themselves. They had a right to make such settlement, although it might not be according to the terms of the original contract. They had as much right to do this as they did to make the original contract." *Temple Cotton Oil Co.* v. *Southern Cotton Oil Co.*, 176 Ark. 601, 3 S. W. 2d 673.

The settlement made at Marked Tree was a contract binding on both parties, and having reached the conclusion that the undisputed evidence shows that there was a settlement by agreement of parties, it becomes unnecessary to decide the other questions discussed by counsel.

The decree is affirmed.