## MABBITT, ADMINISTRATRIX v. WILKERSON.

4-9720                                    247 S. W. 2d 201

Opinion delivered March 24, 1952.

*Carroll W. Johnston* and *Wright, Harrison, Lindsey & Upton,* for appellant.

*Talley & Owen, Richard L. Pratt* and *Wayne W. Owen,* for appellee.

WARD, J. Involved in this appeal is the question whether the provisions of a property settlement in a divorce decree are effective to eliminate the wife as the designated beneficiary in an insurance policy on the life of the husband.

Sometime prior to 1935, Harold W. Mabbitt and appellee were married and thereafter Mr. Mabbitt took out insurance policy No. 9,504,803 with the Equitable Life Assurance Society of the United States. On July 8, 1943, they were divorced and the decree embodied the property settlement referred to above. The language therein, it is contended, barred appellee from anything, as designated beneficiary, under the said policy if she married before the death of the husband. Appellee did marry

again on March 31, 1950. Mr. Mabbitt married appellant on May 4, 1950, and he died April 7, 1951.

After Mabbitt's death appellee filed suit against the insurer to recover, as designated beneficiary, the amount due under said policy, and therefore appellant, as administratrix of Mabbitt's estate, intervened and pleaded the said property settlement. The insurer paid the amount of the policy into the registry of the court and was relieved of further liability. From a decision of the lower court in favor of appellee comes this appeal.

The material portion of the property settlement contained in the divorce decree, after first referring to the insurance policy, reads as follows:

"In event of the death or remarriage of the plaintiff [meaning appellee here] the policies shall become the absolute property of the defendant [meaning the deceased]. So long as the plaintiff lives and does not remarry she shall be the beneficiary under the policies."

The reason for the use of the word "policies" above and not "policy" is because two policies were included in the settlement, but only one is involved here.

The insurance policy in question was issued June 8, 1934, on the life of Harold W. Mabbitt for the face amount of $5,000 and the beneficiary named therein was the insured's wife, Geneva Wiley Mabbitt, the appellee herein. By its terms the policy gave the assured the right to change the beneficiary, but it also contained a section from which we quote the following:

"BENEFICIARY. If there is no written assignment of this policy in force and on file with the Society or if the only assignment in force and on the file is to the Society as security for an advance, the Insured may from time to time, by written notice duly filed at the Society's Home Office, change the beneficiary, but such change shall take effect only upon its endorsement on this policy by the Society."

It is admitted that deceased gave no written notice to the insurer of any change of beneficiary and that no change was endorsed on the policy by the insurer.

It is our conclusion that the decree of the lower court was erroneous and that its finding should have been for appellant.

The decisions of this court in *Pedron* v. *Olds,* 193 Ark. 1026, 105 S. W. 2d 70, and *Eickelkamp* v. *Carl,* 193 Ark. 1155, 104 S. W. 2d 814, hold that the beneficiary in a policy [containing the above quoted provisions] can be changed by a will, even though the policy is never submitted to or so endorsed by the insurer. We can see no logical reason why the same rule should not apply to a property settlement such as we have here. In the case of *Sbisa, et al.* v. *Lazar, et al.,* 78 F. 2d 77, where a divorce decree ordered the wife to turn over to the husband a policy [with similar provisions] in which she was the named beneficiary, and she refused to comply, it was held, upon insured's death, that she could not recover. In these decisions it was pointed out that the beneficiary has no vested right in the policy previous to the insured's death, and also that the endorsement provision in the policy is primarily for the protection of the insurer.

Appellee advances the ingenious argument that the question of the insured's intent should be considered; that he had, they concede, the right to change the beneficiary if he had wanted to do so, but that he never exercised that right. To bolster this argument it is pointed out that Mabbitt had another policy in which appellee was the beneficiary and which he changed by endorsement in accordance with the policy provisions. This would be persuasive if the question of intent is an open one, but the trouble with that argument here is the fact that the insured's intent was clearly expressed when he [and she] agreed to and became bound by the property settlement referred to above.

The cause is reversed and remanded with directions to enter a decree in favor of appellant.