**PARRISH et al. v. KASKA et al.**

No. 4577.

United States Court of Appeals
Tenth Circuit.

May 8, 1953.

E. P. Ledbetter, Oklahoma City, Okl., for appellants.

Wm. Walter Hentz, Jr., Oklahoma City, Okl., for appellee Beulah Marie Kaska.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Aubrey Coutant, now deceased, and Beulah Marie Kaska were married on June 6, 1931. The Illinois Bankers Life Assurance Company issued an insurance policy in the amount of $2,500 on the life of Coutant, naming Kaska as the beneficiary of that policy. Thereafter, the policy was reinsured by the plaintiff in this action, the Central Standard Life Insurance Company.[1]

Coutant and his wife, Kaska, entered into a property settlement agreement in Monterey County, California. The provisions thereof here material read:

"4. Second party [Kaska] hereby sells, assigns, transfers and sets over unto first party [Coutant] as and for his sole and separate property all her right, title, interest and estate of, in and to those certain policies of insurance on the life of the first party with the Illinois Bankers' Assurance Co., * * * with the right of the first party to change the beneficiary therein, * * *.

\* \* \* \* \* \*

1. Hereinafter referred to as the Insurance Company.

"7. Each of the parties hereto hereby releases and discharges the other party hereto from any and all claims for support, maintenance, alimony pendente lite, costs, attorney's fees, and all other claims of every kind and nature, * * * and each of the parties hereto agrees to accept the property herein agreed to be accepted by them under the terms of this agreement in full satisfaction and discharge of any and all claims of every kind and nature which either of them has, or may at any time hereafter have, against the other, * * *."

Shortly after the separation agreement was executed, Coutant instituted an action for divorce against Kaska, in Monterey County, California. On December 14, 1945, an interlocutory decree was entered, granting a divorce to Coutant and appproving the agreement. A final decree was entered on February 25, 1947.

Coutant died on May 18, 1947, without having changed Kaska as the beneficiary of the policy. After his death Coutant's heirs filed a claim with the Insurance Company for the proceeds of the policy. When the Insurance Company located Kaska, who then lived in Oklahoma, it brought this interpleader action under 28 U.S.C.A. § 1335, deposited the proceeds of the policy with the trial court, and asked that the proceeds be given to the party or parties the court determined to be entitled thereto. The court awarded the proceeds of the policy to Kaska.

The heirs of Coutant contend that the property settlement effected a complete and immediate settlement between the parties as to all their property rights, duties, and obligations, including the transfer of all rights which Kaska might have had in and to the policy and including her expectancy, and that by reason of the property settlement she is not now entitled to the proceeds of the policy. The trial court found, however, that the interest of Kaska in the policy was an expectancy created by the terms of the policy itself and was not a

property right arising out of the marriage; that there was no immediate change of beneficiary effected by the property settlement agreement, but that Coutant was merely given the right to change the beneficiary of the policy free from all claims of Kaska arising out of their marriage, and that she was not prevented or estopped from taking the proceeds of the policy in the event Coutant died without changing the beneficiary.

The agreement was made in Monterey County, California. Hence, the laws of California govern its interpretation.[2]

The California case of Grimm v. Grimm, 26 Cal.2d 173, 157 P.2d 841, presented facts strikingly similar to those in the present case. In that case the husband and wife were divorced in January, 1941. They had entered into a property settlement agreement providing for a division of their community property, including a life insurance policy on the life of the husband which named the wife as beneficiary. Under the agreement this policy became the separate property of the husband and he was given the right to change the beneficiary. The agreement also contained further provisions not substantially different from those in paragraph seven of the agreement in the instant case. The husband died in April, 1943, without having made a change in the beneficiary. After his death the wife claimed the proceeds of the insurance policy as the beneficiary thereof and brought an action for a declaration of her rights. The court held that where a policy of life insurance is issued to a husband in which the wife is named as beneficiary and in which the right to change the beneficiary is reserved to the husband and the husband designates a change in the beneficiary without the consent of the wife and without a consideration therefor moving to her, the wife, upon the death of the husband, has a community interest in the proceeds of the policy; that the wife can release this community interest, but if she does so and the husband fails to revoke his designation

2. Gossard v. Gossard, 10 Cir., 149 F.2d 111, 112; Sauder v. Dittmar, 10 Cir., 118 F.2d 524, 528; Consolidated Flour Mills Co. v. File Bros. Wholesale Co., 10 Cir., 110 F.2d 926, 929.

of her as beneficiary, she is entitled to the proceeds of the policy on the husband's death as the beneficiary thereunder; that the interest of a beneficiary designated in a policy of life insurance, under which the insured has the right to change the beneficiary, is a mere expectancy; that a contract constitutes an equitable assignment or renunciation of an expectancy only if it expressly or by necessary implication so provides; that general expressions or clauses in property settlement agreements are not construed as including an assignment or renunciation of an expectancy if the agreement does not clearly show that the parties intended that in addition to the division of the property of the spouses they intended to deprive either spouse of the right to take the proceeds of an insurance policy on the life of the other; that expectancies under an insurance policy are regarded as waived only when it appears that the parties knew of the expectancies and their intention to disclaim any future rights which they might have under such expectancies is made clear in the contract; and that when a husband has the power to change the beneficiary in an insurance policy and fails to do so, this, in effect, amounts to a confirmation of the designation of the beneficiary in the policy.[3] The California court awarded the full proceeds of the insurance policy to the wife as the beneficiary thereof.

We believe the decision in the Grimm case, supra, is controlling in the instant case and the judgment is therefore affirmed.

---

3.   See, also, Miller v. Miller, 94 Cal.App.2d   785, 211 P.2d 357, 360.