**JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY, Plaintiff,**

v.

**Toby SOLURI and Millie Soluri,
Defendants.**

United States District Court
S. D. New York.
May 19, 1955.

Oeland & Kuhn, New York City, for plaintiff.

William V. Homans, New York City, for defendant Toby Soluri.

Victor Romano, New York City, for defendant Millie Soluri.

WALSH, District Judge.

This is a dispute between the two defendants, a wife and former wife of the deceased, over the proceeds of his group annuity contract entered into between his employer and the plaintiff insurance company. Toby, the former wife, is the named beneficiary. Millie, who was the deceased's wife at the time of his death, claims nevertheless to be entitled to the proceeds. Toby has moved for summary judgment. Her motion is granted.

Millie asserts three bases for her claim to the proceeds: (1) the designation of Toby as beneficiary terminated with the dissolution of her marriage; (2) the deceased made an oral assignment of the proceeds to Millie; and (3) the deceased intended to change the designation of beneficiary and took positive action to effect such a change.

■ As a matter of law her first claim is without foundation. The fact that the card on which Toby is designated as beneficiary describes her relationship to the deceased as "wife" does not make the continuation of that relationship a condition precedent to her receipt of benefits under the policy. The effect of the language is merely descriptive. Salvin v. Salvin, 165 App.Div. 362, 151 N.Y.S. 60, 61; New England Mut. Life Ins. Co. v. Spence, D.C.W.D.N.Y., 25 F.Supp. 633, 635; Federal Life Ins. Co. v. Tietsort, 7 Cir., 131 F.2d 448, 449, certiorari denied De Jong v. Tietsort, 318 U.S. 768, 63 S.Ct. 762, 87 L.Ed. 1139.

■ The terms of the separation agreement between Toby and the deceased did not change the beneficiary of the policy. The language in question reads as follows:

"* * * Now Therefore, the parties hereby agree as follows:

"* * * 2.—Wife hereby waives any and all right to support and maintenance, alimony for herself, and any and all claims against the Estate of the Husband, and further agrees not to make any purchases upon the name or credit of the Husband.

"3.—This agreement is in full settlement of any rights or claims that may be predicated upon the marital relationship. * * *"

Toby's right to the proceeds of the policy arose under the contract of insurance and not as part of the estate of the deceased. May v. Prudential Ins. Co. of America, Sup., 93 N.Y.S.2d 579, 583. Similarly, it arose under the contract and not out of the marital relationship. Hergenrather v. State Mut. Life Assur. Co., 79 Ohio App. 116, 68 N.E.2d 833, 835; Mayfield v. Fidelity & Casualty Co. of New York, 16 Cal.App.2d 611, 61 P.2d 83, 86–87; see also Andrews v. Andrews, 8 Cir., 97 F.2d 485, 487.

■ The claim of parole assignment must fail for absence of proof.[1] The execution of a valid gift requires transfer of the possession of the thing given plus an intent to give. Gray v. Barton, 55 N.Y. 68, 72; Beaver v. Beaver, 117 N.Y. 421, 428, 22 N.E. 940, 6 L.R.A. 403; Vincent v. Putnam, 248 N.Y. 76, 82, 161 N.E. 425. Cases which have sustained parole assignments of insurance benefits have applied the same test. In re Pastore's Estate, 155 Misc. 247, 279 N.Y.S. 200, 209; Considine v. Considine, 255 App.Div. 876, 7 N.Y.S.2d 834, 836; Cornell v. Cornell, Sup., 54 N.Y.S.2d 434, 436; Wollpert v. O'Brien, Sup., 85 N.Y.S.2d 660, 662. Millie cannot show physical transfer of the policy to her. On the contrary the "pension certificate" has at all times been in the possession of Toby, the formally designated beneficiary.

■ The claim of an intent to change the beneficiary of the policy and an attempt by the deceased to effect such a change must similarly fail for lack of proof. The only evidence of an intent to

1. Accordingly it is not necessary to decide whether the claimed assignment would have been barred by statute. N. Y. Personal Property Law, § 31(9), enacted in 1943, McK.Consol.Laws, c. 41, makes void an unwritten assignment of life, health or accident insurance but it may well not apply to the contract in question which is in the nature of an annuity rather than insurance against the risk of death. Cf. In re Newton's Estate, 177 Misc. 877, 32 N.Y.S.2d 473, 482, affirmed 267 App.Div. 913, 48 N.Y.S. 2d 332, affirmed 294 N.Y. 687, 60 N.E.2d 842.

N. Y. Personal Property Law, § 24–a would not invalidate a parole agreement. Subdivision 5 thereof provides:

"* * * This section does not invalidate any contract or designation which is valid without regard to this section."

change the designation of beneficiary to Millie is her own unsupported testimony of conversations with the deceased in which she claims he told her that he intended to make such a change, and subsequently that he had done so. There is no admissible proof of any act by the decedent to attempt to carry out an intent to change beneficiaries. After his marriage to Millie the decedent did substitute her in place of Toby as the beneficiary of a group life insurance policy which, like the annuity in dispute, was also incidental to his employment. Millie argues that this shows he meant to make her the beneficiary of the annuity policy as well. Toby argues that it shows a deliberate plan not to. Neither party has found anyone in the office of decedent's employer who has any recollection of any act or conversation of the decedent which would support one party or the other.

In Hall v. Mutual Life Ins. Co. of N. Y., 282 App.Div. 203, 122 N.Y.S.2d 239, 246, affirmed 306 N.Y. 909, 119 N.E. 2d 598, Mr. Justice Breitel said:

"If a court were authorized to guess rather than to rule on the facts before it, one might surmise that the deceased wife would not have intended that her former husband should continue to benefit from the supplementary contract. But even of that guess we cannot be too sure * * *. Perhaps it is just as well that we do not rely on the guess as distinguished from the fact for which there is evidence."

His observations are equally pertinent here. The deceased died at the age of 65. He had married Toby at the age of 53. They were divorced when he was 62. He married Millie at 63. There were no children of either marriage. The facts in the record supply no reliable clue as to the decedent's intent. Cases in which the courts have sustained the claims of the claiming substituted beneficiary against the named beneficiary indicate that proof is required both of an intent to change and a positive act unequivocally evidencing the intent. Mc-

Pherson v. Equitable Life Assur. Soc., Sup., 114 N.Y.S.2d 695, 699; Cantala v. Travelers Ins. Co., Sup., 107 N.Y.S.2d 24, 26; Greenfield v. Massachusetts Mut. Life Ins. Co., 253 App.Div. 51, 1 N.Y.S. 2d 52, 55.

Under these circumstances, Toby is entitled to have her motion for summary judgment granted.

Motion granted.