5-3585                                           390 S. W. 2d 630

Opinion Delivered May 31, 1965.

*Harold L. Hall,* for appellant.

*Virgil Roach Moncrief* and *John W. Moncrief,* for appellee.

Jim Johnson, Associate Justice. This is an interpleader action to determine the proper party to receive proceeds of certain life insuranc policies.

Appellant Nina Harris (Brewer) and Jerry Brewer, deceased, were divorced on March 4, 1963, after some twelve years of marriage. (Appellant was later restored to the use of her maiden name, Harris.) Approved and incorporated into the final decree was a property settlement agreement executed on January 10, 1963, purporting to be a complete settlement of all their property rights. The detailed agreement at length set off various parcels of real property, personalty and money to each of the parties, and contained a provision in which appellant (concurrently with decedent's quitclaim to appellant

of certain valuable stock) "transferred and released any and all interest in" decedent's Life & Casualty Insurance Company and Southern Equitable Insurance Company life insurance policies, and went on to state after this unconditional transfer that decedent would have the right to designate beneficiaries and exclude her if he so desired.

Jerry Brewer died on September 7, 1963. His brother, appellee Claude Brewer, was appointed administrator of his estate in Arkansas Probate Court. The two life insurance policies were among decedent's papers. The named beneficiary, "Nina Mae Brewer—Wife" was unchanged.

On June 24, 1964, Southern Equitable Life Insurance Company filed a complaint in interpleader in Arkansas Chancery Court against appellant and appellee. The complaint alleged that at Brewer's death there was in force a life insurance policy for $10,000, that both parties defendant claimed the proceeds, and it therefore interpleaded the proceeds to be held by the clerk of court until the court should determine which of the parties was entitled thereto. On August 7, 1964, Life & Casualty Insurance Company of Tennessee filed a similar suit interpleading $2,020.30. By stipulation these cases were consolidated for trial.

In the decree of November 27, 1964, the chancellor ordered payment of the proceeds to appellee administrator, and relieved the insurance companies of any further liability. The insurance companies no longer being parties, this appeal is between the adverse claimants.

For reversal appellant contends the trial court erred in awarding the proceeds of the policies to decedent's estate instead of to the named beneficiary, appellant.

We are confronted with two theories: (1) decedent didn't change the beneficiary because he wanted appellant to be the beneficiary, and (2) conversely, that he didn't change the named beneficiary because he assumed the property settlement agreement had already effectively done so.

We are cited cases from other jurisdictions in support of either of the theories, there being none directly on all fours in Arkansas. However, a similar case directly in point in principle is *Roman v. Smith*, 228 Ark. 833, 314 S. W. 2d 225, in which the property settlement provided that the wife should receive $40,000 cash and savings bonds worth $1,800. The agreement was fully performed except $1,780 in cash was paid to the wife in lieu of delivering the $1,800 in bonds. After the divorce the husband died without cashing the bonds (which on their face were payable on death to the ex-wife). This court held that the ex-wife:

"received all that she was to get under the property settlement agreement which was at least approved in part by the Chancery Court, and now she seeks to get a part of that property which was set aside to the appellants' decedent solely because he neglected to cash the bonds or have them reissued in his name alone during his lifetime pursuant to the Treasury Regulations. Such a construction of the Treasury Regulations is not supported by the authorities, and certainly is contrary to the principles of equity and fair dealing."

Under the law and practice in this State, property settlement agreements, especially after approval by a chancery court, are considered binding — and final — contracts between the parties. Settlements and compromises have historically been looked upon with favor by the courts. The parties having met and agreed upon a settlement, all prior claims were merged in the settlement. *Burke v. Downing*, 198 Ark. 405, 129 S. W. 2d 946. The agreement in the case at bar states in the preamble and again at the close that the agreement was intended to be and did constitute "a full and complete settlement of all property rights." The decedent was not represented by counsel in the divorce proceedings and the appellant's then counsel was under no legal or ethical duty to advise decedent about advisibility of changing the named beneficiary on the policies. Concededly, the contract was prepared by appellant's divorce attorney and appellant is therefore bound by the rule that a contract is to be strictly construed against the party preparing it.

Further, it is well settled in this jurisdiction that insurance beneficiaries may be changed by will, based upon the theory that the will is a later expression by the insured than the designation of the beneficiary made at the time the policy was issued. *Pedron* v. *Olds*, 193 Ark. 1026, 105 S. W. 2d 70; *Eichelkamp* v. *Carl*, 193 Ark. 1155, 104 S. W. 2d 814; *Clements* v. *Neblett*, 237 Ark. 340, 372 S. W. 2d 816. Here the property settlement agreement was executed long after the designation of the beneficiary in these policies.

Applying the law to the facts in this case, it is clear that appellant is foreclosed to claim any interest or proceeds from the policies she specifically transferred and released to decedent.

Affirmed.

McFaddin, J., concurs; Smith, Ward and Robinson, JJ., dissent.

ED. F. McFADDIN, Associate Justice, (concurring). I dissented in the case of *Roman* v. *Smith*, 228 Ark. 833, 314 S. W. 2d 225; but under the Majority holding in *Roman* v. *Smith*, and under the unanimous holding in *Mabbitt* v. *Wilkerson*, 220 Ark. 270, 247 S. W. 2d 201, the decree of the Chancery Court in the case now before us must be affirmed; and I so vote.

However, I have concluded that we should now give notice to the Bench and Bar that we will re-examine our former cases when a case like this one is next presented to us. For myself, I hereby give such notice. I think the weight of authority, and certainly the better reasoned cases, are contrary to our holding in *Mabbitt* v. *Wilkerson supra*, and *Roman* v. *Smith, supra*. Some of the cases which I consider as stating the better rule are these: *Prudential Ins. Co.* v. *Broadhurst* (Calif.), 321 P. 2d 75; *Shaw* v. *Board* (Calif.), 241 P. 2d 635; *Pendleton* v. *Great Southern* (Okla.), 273 P. 1007; *John Hancock Co.* v. *Soluri* (U.S.D.C. N.Y.), 134 F. Supp. 86; *Parrish* v. *Kaska*, 204 F. 2d 451; and *Kurgan* v. *Prudential* (Ill.), 91 N. E. 2d 620.

The fact that the insured, having the right to change the beneficiary, did not elect to do so, or to take any steps in that regard, leads me to believe that the insured decided to allow the beneficiary of the policy to remain exactly as written. The purpose of this concurrence is to give notice that I intended to re-examine the question anew should it ever again arise while I am a member of the Court.

GEORGE ROSE SMITH, J., (dissenting). The property settlement agreement contained this paragraph: "[Nina Brewer] herewith concurrently agrees to and does hereby transfer and release to [Jerry Brewer] any and all interest she now has in any and all life insurance policies on the life of [Jerry Brewer] in the Life and Casualty Company and the Southern Equitable Insurance Company, including a certain endowment policy [Jerry Brewer] has in one of said companies; and agrees that [Jerry Brewer] shall have the sole right to designate beneficiaries of said policies, and exclude [Nina Brewer] as a beneficiary if he so desires." If Jerry Brewer had died before the lapse of a reasonable time in which he might have effected a change of the beneficiary, or if there were extrinsic circumstances, such as a remarriage on his part, to assist us in discovering his true intent, then I should agree with the majority opinion.

These situations, however, are not before us. When Jerry Brewer read and signed the property settlement agreement it was brought directly to his attention that he had the power to exclude Nina as a beneficiary "if he so desire[d]." Yet in the nine months that elapsed between the execution of the agreement and Jerry's death he took no steps to change the beneficiary of the policies. He did not contest Nina's suit for a divorce. He did not remarry. He left no children. In the circumstances it is not unreasonable to believe that he wanted Nina to receive the proceeds of the policies. What the majority are doing is *guessing* that Jerry really meant to change the beneficiary but did not get around to doing it. Instead of making a guess that could as well go one way as the

other I prefer to give effect to the written directions in the policies, which Jerry did not see fit to have changed.

*Roman* v. *Smith*, cited by the majority, is not in point. There the settlement recited that the husband would pay the wife $40,000 and deliver to her $1,800 of U.S. bonds. In fact he gave her $1,780 in cash instead of the bonds, and it was noted on the agreement that ''Cash $1,780 substituted for Bonds.'' It was to the husband's direct pecuniary interest to substitute cash for the bonds and not to have the bonds reissued in his name before their maturity. Hence in that case there was not the slightest doubt about the husband's intention to exclude his wife from participation in the proceeds of the bonds. Here the facts are so materially different that the *Smith* case is not authority for today's decision. I would reverse the decree.

Ward, J., joins in this dissent.