Kathryn L. ALLEN *v.* FIRST
NATIONAL BANK of Fort Smith,
Executor of the Estate of
George W. ALLEN, Deceased

76-216—217                                              547 S.W. 2d 118

Opinion delivered March 7, 1977
(In Banc)

*Warner & Smith,* by: *Wayne Harris* and *G. Alan Wooten,* for appellant.

*Pearce, Robinson & McCord,* by: *Owen C. Pearce,* for appellee.

CONLEY BYRD, Justice. Involved on these appeals are the rights of a divorced spouse to the proceeds of life insurance policies in which she was the designated beneficiary. The trial court considered several instruments and various factual circumstances from all of which it, relying upon such cases as *Harris v. Brewer,* 239 Ark. 614, 390 S.W. 2d 630 (1965), concluded that the decedent had evidenced his intent and had done sufficient acts to make his estate the beneficiary of the insurance proceeds. For reversal, appellant Kathryn L. Allen contends:

> POINT I. "The trial court erred in finding that the property division and settlement of Dr. Allen and appellant confirmed by its decree divested appellant of any right, title, claim or interest she had or contemplated in Continental Assurance Policy No. L19195-A8.

> POINT II. The trial court erred in finding that the 'Change of Beneficiary' executed by Dr. Allen on February 4, 1972, after the divorce, changed the beneficiary on all his life insurance policies to his estate, except for the $60,000.00 policy covered by the divorce decree.

POINT III. The trial court erred in finding that the 'Change of Beneficiary' document coupled with the will provisions of Dr. Allen accomplished a change of beneficiaries in accordance with the laws of Arkansas."

The stipulated facts show that prior to January 18, 1972, Kathryn L. Allen and the decedent Dr. George W. Allen were husband and wife. During that marriage several policies of life insurance, including the two here involved, were obtained by Dr. George W. Allen and appellant was the named beneficiary in most, if not all, of said policies. The divorce decree dated January 18, 1972 provided that Dr. George W. Allen would transfer to appellant $60,000.00 of life insurance and that he would pay the premiums and maintain it in force until appellant attained the age of 65. In return, appellant generally released and relinquished any claim and interest she might have in any of the properties mentioned in the decree. However, the decree did not specifically mention the policies here involved. Approximately two weeks following the divorce, Dr. Allen executed the following written instrument:

"CHANGE OF BENEFICIARIES OF LIFE INSURANCE POLICIES

At the time this instrument is executed, all of my policies of life insurance on my life are in the hands of Warner, Warner, Ragan & Smith, Attorneys who have represented my divorced wife Kathryn L. Allen in a divorce case between us recently concluded. Under the terms of the divorce Decree, $60,000.00 of life insurance coverage on my life is to be transferred to Kathryn L. Allen, and I am to pay the premiums of this insurance coverage and maintain it in force until Kathryn L. Allen has attained the age of 65

By this instrument, I hereby change the beneficiaries of all of these life insurance policies, except the $60,000.00 coverage (face amount) mentioned above which is to be transferred to Kathryn L. Allen, and maintained in force by me for her benefit.

From and after this date, the beneficiary of all of my life insurance policies, except the $60,000.00 coverage

mentioned above which is to be transferred to Kathryn L. Allen, shall be the estate of George W. Allen.

Dated at Fort Smith, Arkansas, this 4th day of February, 1972.

/s/ George W. Allen"

Thereafter, Dr. Allen cashed in some of his life insurance policies and permitted others to lapse. After his remarriage he took out a $100,000 policy in favor of his new wife. However, no change of beneficiary was made on the two policies here involved. Dr. Allen died February 24, 1975. The proceeds of the $60,000.00 policy transferred in the divorce decree to appellant have been paid to appellant. The proceeds of the $100,000 life insurance policy in which the new wife was designated the beneficiary have been paid to the new wife. By his Will Dr. Allen provided: "I give, devise and bequeath all of my property and estate, real, personal and mixed, wherever located, and whether acquired before or after the execution of this Will, to my Trustee, in Trust. . . " [for his three children by appellant]. It was stipulated that the instrument entitled "Change of Beneficiaries of Life Insurance Policies" was left in his lawyer's office and was not transmitted to any insurance company. With respect to change of beneficiary, the Continental Assurance Company Policy provides:

"Any Insured who has not made an irrevocable designation of beneficiary may designate a new beneficiary at any time, without the consent of the beneficiary, by filing with the American Geriatrics Society a written request for such change, but such change shall become effective only upon receipt of such request at the Home Office of the Company. When such request is received by the Company, whether the Insured be then living or not, the change of beneficiary shall relate back to and take effect as of the date of execution of the written request, but without prejudice to the Company on account of any payment theretofore made by it."

With respect to the profit sharing plan with Investors Diver-

sified Services, Inc.,[1] it was stipulated that appellant was the designated beneficiary under the Plan in Custodial Account "A" and that so far as here pertinent the profit sharing plan provides:

> "(b) Distributions payable at death under this Article shall be made to the beneficiary designated by the Participant on an acceptable form. With respect to Participant's interest held under Custodial Account "A" such designation may be changed by the Participant's filing a written notice of change with the Employer with respect to Participant's interest held under Custodial Account "B" such designation may be changed by Participant filing a written notice of change with the issuer of the contracts held thereunder in accordance with the terms of such contracts. If no beneficiary is designated as of the date of death of the Participant, such distributions shall be made to the estate of the Participant."

POINT I. The rights of a divorced spouse after a property settlement to the proceeds of a life insurance policy as the designated beneficiary in policies specifically designated in the divorce decree were before us in *Mabbitt* v. *Wilkerson*, 220 Ark. 270, 247 S.W. 2d 201 (1952) and *Harris* v. *Brewer*, 239 Ark. 614, 390 S.W. 2d 630 (1965). While holding in both cases that the surviving ex-spouse could not take as a beneficiary, the latter case was affirmed by a 4 to 3 vote only upon the reluctant concurrence of Justice Ed. F. McFaddin who, in doing so, stated:

> "However, I have concluded that we should now give notice to the Bench and Bar that we will re-examine our former cases when a case like this one is next presented to us. For myself, I hereby give such notice. I think the weight of authority, and certainly the better reasoned cases, are contrary to our holding in *Mabbitt* v. *Wilkerson* . . . " [220 Ark. 270, 247 S.W. 2d 201 (1952)].

While the dissenting and concurring opinions in *Harris* v.

---

[1]The parties agree that the reasoning and opinions in life insurance cases are applicable to this profit sharing plan. See 5 ALR 3d 644.

*Brewer, supra,* detract from its value as a precedent, we need not now re-examine its precedential value, because both *Mabbitt* v. *Wilkerson, supra,* and *Harris* v. *Brewer, supra,* involved divorce decrees in which the specific policies of insurance were specifically mentioned and agreed upon. The property settlement here incorporated into the decree of divorce between appellant and Dr. Allen does not mention either of the policies here involved. In such situations the court has consistently determined the rights of the designated beneficiaries in such contracts of insurance according to con-tractual law without regard to the effect of a divorce between the insured and the beneficiary. See *Walden* v. *McCollum,* 172 Ark. 291, 288 S.W. 386 (1926). It therefore follows that the trial court erred in holding that the property division in the divorce decree divested appellant of her rights to the proceeds of the policies as a beneficiary.

POINT II. The "Change of Beneficiary" executed by Dr. Allen on February 4, 1972 and left in his lawyer's office certainly cannot be considered as a substantial compliance with the contractual requirements for a change of beneficiary. Cases such as *Tibbels* v. *Tibbels,* 232 Ark. 857, 340 S.W. 2d 590 (1960), relied upon by the trial court are limited to those situations in which the insured has done everything reasonably possible to effectuate a change in beneficiary. It cannot be said that Dr. Allen's conduct placed him in the position of having done everything reasonably possible. The record shows that he took no action for three years even though he made annual payments, surrendered and cashed policies and took out an additional policy in favor of his new wife. A mere announcement of a desire or preference, alone, does not amount to a change of a beneficiary, *Dennis* v. *Equitable Life Assurance Society,* 191 Ark. 825, 88 S.W. 2d 76 (1935).

POINT III. While our cases recognize that a change of beneficiary can be accomplished by will, *Pedron* v. *Olds,* 193 Ark. 1026, 105 S.W. 2d 70 (1937) and *Clements* v. *Neblett,* 237 Ark. 340, 372 S.W. 2d 816 (1963), the terms of the Will here only devises "all of my property and estate, real, personal and mixed wherever located. . . ." Such language is insufficient to either identify the insurance policies involved or to show an intent to effectuate a change of beneficiary.

236

Having demonstrated that the property settlement in the divorce, the "Change of Beneficiaries" left in the lawyer's office and the Will were ineffectual to amount to a change in the designation of appellant as the beneficiary in the life insurance policies involved, it follows that the decrees in favor of the estate of Dr. George W. Allen must be reversed and remanded for entry of decrees in favor of appellant Kathryn L. Allen not inconsistent with this opinion.

Reversed and remanded.