Joey KENT v. USABLE LIFE

CA 03-431                                             141 S.W.3d 895

Court of Appeals of Arkansas
Division II
Opinion delivered January 21, 2004

*Scott Adams*, for appellant.

*Dover Dixon Horne PLLC*, by: *Allan W. Horne* and *Nona M. Morris*, for appellee.

JOHN F. STROUD, JR., Chief Judge. This case arose as a result of a complaint in interpleader filed by appellee, USAble Life, when two persons, Joey Kent, a son, and Janie Kent Bilyeu, an ex-wife, filed claims for $35,000 in life-insurance proceeds on the life of James E. Kent. The circuit court directed that the proceeds be paid to Janie Kent Bilyeu, and Joey Kent appeals from that decision. We affirm.

James Kent was employed by ConAgra of Russellville. Through ConAgra, he was eligible for life insurance in the amount of $10,000, effective April 29, 1991. On March 1, 1994, James elected to purchase an additional $25,000 of supplemental life insurance. ConAgra's records indicated that James named Janie, his wife, as his beneficiary on April 29, 1991, and that this designation was never changed. James and Janie divorced in 1998, and the divorce decree was silent as to any insurance policies held by either party. Upon James's death in 2000, both Joey and Janie made a claim to the life-insurance proceeds. USAble interpleaded the funds into the registry of the Conway County Circuit Court, and the trial judge directed that the proceeds be paid to Janie, less $2250 to be paid out of the proceeds to USAble Life for its attorney fees and costs associated with the interpleader.

On appeal, Joey contends:

[T]he divorce of James Kent and Janie Kent should be construed to change the beneficiary of the life insurance policy from Janie Kent to the children of James Kent. ... [T]he divorce should constitute a de facto or constructive change of beneficiary in the absence of any indication that the designation was irrevocable or any indication that the Chancery Court made any disposition of the policy or its proceeds.

Not only does appellant fail to cite any authority for his argument, but Arkansas case law is in direct contravention to his position. In *Allen v. First National Bank of Fort Smith*, 261 Ark. 230, 547 S.W.2d 118 (1977), our supreme court held that when insurance policies are not addressed in a divorce decree, the rights of the designated beneficiaries of the contracts of insurance are determined in accordance with contractual law "without regard to the effect of a divorce between the insured and the beneficiary." 261 Ark. at 235, 547 S.W.2d at 120.

In this case, the insurance policy was not addressed in James and Janie's divorce decree, and James never changed the beneficiary of that policy from Janie before he died. To adopt appellant's position that the divorce automatically terminated Janie as a beneficiary to James's insurance policy would require this court to completely ignore the law of contracts and to overrule our supreme court, which we cannot do. The circuit court correctly awarded the policy proceeds to Janie.

Affirmed.

HART and GLADWIN, JJ., agree.