Tibbels *v.* Tibbels.

5-2192                                    340 S. W. 2d 590

Opinion delivered December 5, 1960.

*Edward J. Rubens* and *Jake Brick,* for appellant.

*J. H. Spears,* for appellee.

Sam Robinson, Associate Justice. This is a contest between appellant, Jane Tibbels, and appellee, Aurelia J. Tibbels, as to which one of the two is entitled to the proceeds of a policy of life insurance issued by the Metropolitan Life Insurance Company on the life of John W. Tibbels. There is no indication or inference that more than one policy was issued to Tibbels by the insurance company. Jane Tibbels and John W. Tibbels were formerly husband and wife but were divorced on May 26, 1958. The policy in question was issued on the 17th day of June, 1958. Jane Tibbels was named beneficiary in the policy. About a year later, on April 4, 1959, John was killed in an automobile accident. The policy, which was a group policy, provides:

"Section 13. CHANGE OF BENEFICIARY.— Any Employee insured hereunder may, from time to time, change the Beneficiary designated in his certificate by filing written notice thereof with the Insurance Company

accompanied by the certificate of such Employee. Such change shall take effect upon endorsement thereof by the Insurance Company on such certificate and unless the certificate is so endorsed, the change shall not take effect. After such endorsement, the change shall relate back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee be living at the time of such endorsement, but without prejudice to the Insurance Company on account of any payment made before receipt of such written notice."

Sometime prior to 11:00 a.m. on April 4, 1959, a letter written by John W. Tibbels, the insured, dated March 31, 1959, addressed to the Metropolitan Life Insurance Company, was mailed. John was killed about 1:30 p.m. April 4th, the same day the letter was mailed. The letter to the insurance company is as follows:

"3/31/59

"Dear Sir

"As my wife and I are divorced I would like to have my beneficiary changed to my mother Mrs. Chas. D. Tibbels   508 Gibson   West Memphis   Ark-

"Thanks

"John W. Tibbels"

On April 8, 1959, following receipt of the above letter, the insurance company wrote to John W. Tibbels as follows:  "We are unable to act upon your recent letter because of our inability to determine the correct number of the policy to which you refer.  Please furnish the following information and return this letter in the envelope provided."  Following the letter was a form to be completed, requiring the insured to furnish considerable information.

Mrs. Aurelia Tibbels, mother of the insured, who had possession of the policy at the time, furnished the insurance company the number and serial letter of the policy and the exact name of the insured, and informed

the insurance company of the insured's death. Jane Tibbels, the original beneficiary named in the policy, furnished the insurance company proof of the death of the insured and demanded payment under the terms of the policy. The insurance company filed this cause of action—an interpleader—in a court of equity, naming Aurelia J. Tibbels and Jane Tibbels as defendants, and deposited in court the principal sum named in the policy for accidental death of the insured. From a decree in favor of Mrs. Aurelia Tibbels, Jane Tibbels has appealed.

There is only one real issue in the case, and that is: Was John W. Tibbels' letter to the insurance company above quoted sufficient in all the circumstances to change the beneficiary from Jane Tibbels to Aurelia Tibbels?

The provision of the insurance policy regarding change of beneficiary was not complied with. On this point there are two lines of authority, the minority holding that there must be strict compliance with the provisions of the policy pertaining to change of beneficiary, but the great weight of authority is that a substantial compliance is sufficient. 19 A. L. R. 2d 30 and cases cited therein. This State is among the majority. *Robinson* v. *Robinson,* 121 Ark. 276, 181 S. W. 300. It will be recalled that the insured was killed about two and one-half hours after the postmark time appearing on his letter to the insurance company asking that the beneficiary be changed. Of course, the insured could do nothing further about the matter, and could not respond to the insurance company's request for additional information. In these circumstances we think there was a sufficient compliance. The weight of authority is that if the insured has done everything reasonably possible to effect a change in beneficiary, a court of equity will decree that to be done which ought to be done. True, the insured could have sent his policy to the insurance company along with his letter requesting a change in beneficiary, but there is no showing that Tibbels was an

expert on insurance matters or realized the necessity of sending in the policy.

In the case of *Bell* v. *Criviansky,* 98 Mont. 109, 37 P. 2d 673, the insured wrote to the insurance company indicating his desire to change the beneficiary in a policy of insurance, but before he was able to complete the forms sent to him by the insurance company to effect the change he became ill and died. The court said: "Admittedly, the insured did not comply with the policy provisions with reference to change of beneficiaries in the following respect: (a) He made no written request, upon the company's form, for change of beneficiary; (b) he did not return the policy to the company; (c) he did not deliver the written request on the prescribed form in his lifetime to the company." And the court went on to say: "By the letter he indicated that he desired to change the beneficiary and that it was his purpose to change the beneficiary from his then wife to his four children, although he did not name them. At the time he received this blank, and continuing on to the time of his death, his physical condition according to the record was such as to render him unable to complete and execute the furnished blank form." The court further said: "We think the true rule is that, if the insured has pursued the course pointed out by the laws of the association and has done all in his power, under the facts and circumstances of the case, to change the beneficiary, but before the new certificate is actually issued or the change of beneficiary is indorsed on the old, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued or the indorsement made." The court held that in the circumstances the insured had changed the beneficiary.

A situation similar to the case at bar existed in the case of *United Benefit Life Ins. Co.* v. *Elliott,* 11 Alaska 466. There the court said: "While the question is not free from doubt, the weight of authority would seem to support the view that the failure to transmit or deliver the policy to the insurer with a written request for a change of beneficiary does not preclude the application

of the rule of substantial compliance, even though the policy was available or could have been obtained upon demand, where it appears that the insured did everything that it was reasonably possible for him to do before death.

"It must be conceded, of course, that it may be argued with plausibility and much force that where the insured has failed to transmit the policy to the insurer with the request for a change of beneficiary **he has not** done every thing possible to effect the change. But where the insured does not know where the policy is *or dies before the receipt of the insurer's blank and instructions for its execution and return with the policy,* no reason is perceived why a court of equity should order the proceeds of the policy disposed of in a manner directly contrary to the clearly expressed wishes of the insured." [Emphasis ours]

Appellant argues that even though the insurance company could waive the provision of the policy requiring that certain things be done in order to effect a change of beneficiary, such waiver could not affect the interest of the original beneficiary; that such interest vested immediately upon the death of the insured. The answer to this proposition is that the rights of the new beneficiary, Mrs. Aurelia J. Tibbels, are not based on a waiver of a policy provision by the insurance company. There was a sufficient compliance by the insured with the policy to effect the change. Hence the new beneficiary is entitled to the proceeds of the policy regardless of whether there was a waiver by the insurance company.

Affirmed.