FOURCO GLASS COMPANY *v.* Richard R.
HEATH, Director, Department of Finance
and Administration

76-279                                        547 S.W. 2d 121

Opinion delivered March 7, 1977
(Division I)

*Shaw & Ledbetter*, for appellant.

*Harlin R. Hodnett, Robert G. Brockmann, James R. Eads Jr.,*
by: *Jack East III*, for appellee.

GEORGE ROSE SMITH, Justice. Our use tax law contains

an exemption for "[m]achinery purchased to replace existing machinery in its entirety" and used directly in manufacturing, processing, and other activities not important in this case. Ark. Stat. Ann. § 84-3106(D, 2, b) (Supp. 1975). Fourco manufactures sheet glass at its plant in Fort Smith. Fourco claimed an exemption under the quoted language of the statute for many purchases made by it between September 1; 1971, and August 31, 1974. The appellee disallowed the claim, on the ground that the purchases were not made to replace existing machinery *in its entirety*. Fourco paid the additional tax under protest and brought this suit to recover the amount paid. This appeal is from a decree denying the exemption.

The chancellor was right, for Fourco is actually claiming an exemption for the purchase of replacement parts for its machinery rather than for the purchase of new machinery "to replace existing machinery in its entirety." For example, the glass company uses cutting tables that are several feet long and several feet wide. A large sheet of glass is laid on a table, to be scored by small cutting wheels that are passed across the surface of the glass by means of a moving arm to which the cutting wheels are attached by small metal posts and small swivels. When the little wheels, posts, or swivels wear out, they are replaced by new ones. Fourco argues that this is a replacement of machinery "in its entirety," because each little part is a unit in itself.

Such an argument might have been persuasive under the language of Act 113 of 1967, which exempted "tangible personal property used for repair, replacement, or expansion of existing manufacturing or processing facilities." But in the following year, by Act 5 of the First Extraordinary Session of 1968, the legislature amended that language to read as we have quoted it. Simple repairs or replacements are no longer exempt; the machinery must be replaced in its entirety. Moreover, exemptions from taxation are to be strictly construed against the exemption; to doubt is to deny. *Ark. Beverage Co.* v. *Heath,* 257 Ark. 991, 521 S.W. 2d 835 (1975). We certainly cannot say that the substitution of a new metal post, about an inch and a half long, upon a moving arm several feet long, is a replacement of machinery in its entirety.

There are even greater obstacles in the way of Fourco's claim of a similar exemption for its purchase of materials used in the rebuilding of its furnaces. Each furnace, made of fire-resistant bricks and mortar, is about 100 feet long. The ingredients from which glass is made are mixed and fed into one end of the furnace. After the mixture is subjected to intense heat, it becomes molten glass and flows by gravity to the other end of the furnace, where it is removed in sheet form and cooled. A furnace lasts about four years. It is then torn down and replaced by a new one, built upon the same foundation. The glass company now seeks an exemption for the cost of the bricks, mortar, and other materials used in the construction of the new furnace.

The statute exempts machinery purchased to replace existing machinery. Whether the furnace is "machinery," as that term was interpreted under a different section of the statute, is open to doubt. (*Heath* v. *Research-Cottrell,* 258 Ark. 813, 529 S.W. 2d 336 [1975].) In any event, the old furnace is not replaced in its entirety, for the same foundation is used. If it could be said that the furnace is a machine, the foundation is certainly a necessary part of the whole. Again, to doubt the existence of the exemption is to deny it.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.