**Mary Lou PAGE, Plaintiff,**

v.

**Wilma N. PAGE, the Guardian Life Insurance Company of America and Transport Life Insurance Company, Defendants.**

**No. 77–210–C.**

United States District Court, E. D. Oklahoma.

June 16, 1978.

John Robert Montgomery, Sallisaw, Okl., for plaintiff.

Elton E. Thompson, Poteau, Okl., A. Carl Robinson, Muskogee, Okl., for defendants.

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

MORRIS, Chief Judge.

The remaining parties in this case (plaintiff and defendant Wilma N. Page) have stipulated in the supplemental pretrial order that the court may decide this case on the basis of the pleadings, the documents submitted, the pretrial order and the briefs filed herein since there are no remaining issues of fact in this case. Defendant Wilma N. Page (herein after referred to as defendant) filed her motion for summary judgment on August 29, 1977. While plaintiff has not filed a written motion for summary judgment the court will treat the stipulation referred to above as a submis-

sion of the case to the court on a motion for summary judgment by the defendant and a cross-motion for summary judgment by the plaintiff.

In this action plaintiff seeks to recover the proceeds from two life insurance policies issued by the two defendant insurers, in favor of whom summary judgment was entered on December 29, 1977, upon the life of Donald E. Page, her deceased husband. Plaintiff contends that the deceased effectively changed the beneficiary under the policies from his former wife (defendant Wilma N. Page) to plaintiff, when he wrote out by hand certain instructions regarding the disposition of his property approximately two weeks prior to his death.

Defendant contends that she is entitled to summary judgment on the grounds that the deceased's handwritten notes did not change the beneficiary under the policies, and that the deceased never took any legal steps to effectuate such a change.

Plaintiff has maintained all along that Arkansas law governs this case since the insurance policies so provide. Defendant originally took the position that Oklahoma law applies, but that, even if Arkansas law were to be applied, it coincides with Oklahoma law and would not recognize the handwritten notes as effecting a change in beneficiaries. However, in her reply brief of January 27, 1978, dealing with the choice of law question, defendant states that she has no objection to the court deciding the entire lawsuit on the basis of Arkansas law and acknowledges that the policy issued by Transport Life Insurance Company expressly provides for the application of Arkansas law, and she concedes that the law of Arkansas should govern at least with respect to the Transport Life policy.

Pursuant to the court's order of December 29, 1977, the parties have submitted a copy of the Transportation Life policy, affidavits and exhibits. A copy of the Guardian Life Insurance Company policy has not been submitted as the parties are apparently unable to locate the master policy. In lieu thereof an affidavit has been submitted by Mrs. Paige Antonellis, a supervisor in the group issue department of Guardian Life, to which affidavit are attached copies of group policy G–20135–F issued to the Arkansas Best Corporation, dated August 1, 1974, concerning the manner of a change of beneficiaries under such policy. The court has therefore all the requisite materials before it enabling it to decide this case, except that there is nothing in the record with respect to any provision in the Guardian Life policy regarding which law is to be applied. The parties assume that it provides for the application of Arkansas law, but there is nothing in the record so showing. Be that as it may, the policy was issued to the Arkansas Best Corporation, providing for group life insurance for the employees of Riverside Furniture, a subsidiary of Arkansas Best Corporation, located in Arkansas, where the deceased was employed. It appears therefore that there are sufficient contacts with the state of Arkansas to apply its law to both policies in question and the parties have so agreed. The court will accordingly decide the entire lawsuit on the basis of Arkansas law.

Transportation Life policy No. GL–101 provides with respect to a change of beneficiaries under the policy as follows:

1. Beneficiary.

An insured employee will have the sole right to designate the beneficiary to whom any benefit for loss of life will be payable under this policy. Such designation will be recorded in the insurance records maintained for this policy in accordance with the provisions of Section 2 entitled "Information to be Furnished." An employee may at any time while insured have the designated beneficiary changed by filing written notice of the change with the Policyholder. The change will take effect only when recorded in such records, but when recorded will be considered effective as of the date of the notice of change, whether or not the employee is living at the time of such recording, subject to any payment made or other action taken by the Insurance Company before the date of such recording.

Guardian Life policy No. G–20135–F contains the following provision:

### Beneficiary

An employee's insurance under these provisions shall be payable at death to the person designated by him as his beneficiary on a form furnished by or satisfactory to the insurance company, subject to the right of the insurance company to pay as provided below, under the "Payment to a Minor or Incompetent" and "Facility of Payment".

The employee may, from time to time and without the consent of his beneficiary, change the beneficiary by filing written notice of the change through the policyholder on a form furnished by or satisfactory to the insurance company, whereupon an acknowledgement of the change will be furnished the employee for attachment to his certificate. The new designation shall take effect on the date the notice was signed, whether or not the employee is living when the acknowledgement of the change is furnished, but such change shall not take effect if the insurance company shall have made any payment before acknowledgement of the change. When a new designation takes effect, all interest of any previous beneficiary shall thereupon cease.

There are no remaining issues of material fact in this case. Pretrial Order Par. 6. Defendant has admitted in her answer the following material allegations of plaintiff's petition: (1) the deceased and defendant were divorced on March 8, 1976; (2) plaintiff and the deceased were married on September 23, 1976 and were thereafter husband and wife until Donald Page's death on December 27, 1976; (3) Guardian Life insured deceased's life in the amount of $5,000.00, and Transport Life insured deceased's life in the amount of $20,000.00, on group policies covering employees of Riverside Furniture of Arkansas Best Corporation; (4) defendant was designated as beneficiary on May 25, 1973 under the Transport Life policy and on February 12, 1974 with respect to the Guardian Life policy; (5) on or about December 14, 1976 deceased wrote in his own handwriting instructions on the disposition of his estate including life insurance proceeds payable upon his death; and (6) prior to his death the deceased was employed at Riverside Furniture, Arkansas Best Corporation and was a paid-up member of the group life insurance policies involved herein. Furthermore, defendant admits that the deceased, during his lifetime, expressed an intention in writing that the plaintiff should receive the proceeds of both of these life insurance policies. Pretrial Order Par. 3.

After having resolved the choice of law question in favor of application of Arkansas law, "[t]he only legal issue in this case is whether or not the handwritten request left by the decedent among his personal effects, and still in his possession when he died, constituted a legal change of beneficiary of his life insurance policies." Pretrial Order Par. 7. The most recent reported decision of the Supreme Court of Arkansas sitting en banc in *Allen v. First National Bank,* 547 S.W.2d 118 (Ark.1977) makes it clear that the answer to the legal question posed above must be in the negative. The court there said:

The "Change of Beneficiary" executed by Dr. Allen on February 4, 1972 and left in his lawyer's office certainly cannot be considered as a substantial compliance with the contractual requirements for a change of beneficiary. Cases such as *Tibbels v. Tibbels,* 232 Ark. 857, 340 S.W.2d 590 (1960), relied on by the trial court are limited to those situations in which the insured has done everything reasonably possible to effectuate a change in beneficiary. It cannot be said that Dr. Allen's conduct placed him in the position of having done everything reasonably possible. The record shows that he took no action for three years even though he made annual payments, surrendered and cashed policies and took out an additional policy in favor of his new wife. A mere announcement of a desire or preference, alone, does not amount to a change of a beneficiary. *Dennis v. Equitable Life Assurance Society,* 191 Ark. 825, 88 S.W.2d 76 (1935).

547 S.W.2d 121. In the case at bar the deceased lived for three months after he married plaintiff. It certainly cannot be said that he had done everything reasonably possible to effectuate a change in beneficiary. His handwritten notes clearly do not satisfy the requirements of either policy for effecting a change of beneficiaries. There is no contention in this case that a property settlement in connection with decedent's and defendant's divorce divested defendant of any interest she had in the insurance policies or that the deceased effected a change of beneficiaries by will. Both of these contentions were before the court in *Allen,* but are not before the court in the instant action.

Summary judgment is accordingly entered in favor of the defendant Wilma N. Page and against the plaintiff, and the court hereby declares that defendant is entitled to the proceeds of the group insurance policies Nos. GL–101 and G–20135–F in the total amount of $25,000.00. The court clerk is directed to pay this amount which has been previously deposited with the court by the two insurance companies to the defendant Wilma N. Page.

ORDERED this 16th day of June, 1978.