## S. H. & J. DRILLING CORPORATION
*v.* R. L. QUALLS, Director, Department of
Finance and Administration,
State of Arkansas

79-326                                  593 S.W. 2d 178
Supreme Court of Arkansas
Opinion delivered February 11, 1980

*Anderson & Crumpler,* for appellant.

*James R. Eads, Jr., Robert G. Brockmann, Joseph V. Svoboda, Barry E. Coplin, Thomas Clark, Jr., Timothy J. Leathers,* and *Martha S. Stephenson,* for appellee.

FRANK HOLT, Justice. Appellant, a driller of oil and gas wells, purchased various items from outside the state to replace existing items of a drilling rig, which is used in its drill-

ing operations in Arkansas. Appellee assessed the Arkansas Compensating Tax, commonly referred to as the "use" tax, on the items pursuant to Ark. Stat. Ann. § 84-3105 (Supp. 1977). Appellant contended that the items are exempt under the "replacement" exemption in Ark. Stat. Ann. § 84-3106 (D)(2)(b) (Supp. 1977) and paid the tax under protest. Following a hearing, appellee's hearing board found that several of the items were exempt, but that the remaining items were subject to the use tax. Prior to the submission of the case, the parties agreed to the classification of two of these items. Upon a review of the pleadings, stipulations of facts, exhibits and briefs, the chancellor held that the remaining items were not separate "machines," as asserted by appellant, but component parts of the drilling rig. Their replacement, therefore, did not constitute "machinery purchased to replace existing machinery in its entirety" as required under § 84-3106(D)(2)(b). The court also held that the oil and gas drilling rig is a single machine that must be replaced in its entirety for the exemption to apply.

Appellant reasserts its argument here that a drilling rig is a manufacturing facility composed of many separate machines and each of the items purchased was "machinery purchased to replace existing machinery in its entirety." Appellee responds that once the parts are assembled, they become components of a single machine, the drilling rig; and, therefore, the rig must be replaced in its entirety for the exemption to apply. It is well established that any exemption provision must be strictly construed against the exemption, and to doubt is to deny the exemption. *Arkansas Beverage Co.* v. *Heath,* 257 Ark. 991, 521 S.W. 2d 835 (1975). The appellant has the burden of clearly establishing the exemption beyond a reasonable doubt. *Heath* v. *Westark Poultry Processing Corp.,* 259 Ark. 141, 531 S.W. 2d 953 (1976). On appeal we review exemption cases *de novo* and do not reverse the chancellor's finding of fact unless it is clearly against the preponderance of the evidence. *Arkansas Beverage Co.* v. *Heath, supra.*

It appears that the controlling issue on this appeal is whether or not certain items represent "machinery purchased to replace existing machinery in its entirety." The parties stipulated that a drilling rig is "composed of many different

machines and much equipment which is designed to ac-complish the unique needs of its operator." It is impossible to buy a new rig on the market, because no such entity exists due to the particular needs of each drilling contractor. A drilling rig is assembled from various components purchased from many different manufacturers. Several essential components are universally used in the oil drilling industry, and each has a specialized function. Several of the items at issue are described as follows: a crown block which is composed of a base, shaft, five bearing assemblies and sheaves, is located at the top of the drilling derrick and provides support for the drill string, weighing many tons, while allowing the amount of weight or push exerted on the drill bit to be adjusted; a swivel, a steel cylinder attached to three bearing assemblies, which is used primarily to support the drill string in a stationary position while allowing it to rotate on its axis; a drill string, composed of many sections of drill pipes and collars, which exerts force on the drill bit and transmits fluid to it; and a drill bit, composed of several cones and bearings, which rotates and exerts force on the cone assemblies which do the actual digging. In summary, the vertical arrangement of the assembled drill, in ascending order, consists of these components; a drill bit to the swivel is referred to as the drill string; the drill string is attached to the swivel which is at-tached to the traveling block which is, in turn, attached to the crown block. The crown block is located on the very top of the derrick. Even if we consider each of these items a machine or machinery under the definitions set forth in *Heath* v. *Research Cottrell,* 258 Ark. 813, 529 S.W. 2d 336 (1975), once these various machines are assembled into a rig, they become a single unit. All of the machines are interconnected and form a single machine designed to accomplish a single purpose—drilling a hole in the ground. The function of each machine is not complete before the adjacent machine begins to function. See *Arkansas Beverage Co. v. Heath, supra.* The desired result can be accomplished only if the machines or component parts of the drill rig function simultaneously and as a single unit.

As we stated in *Fourco Glass Co.* v. *Heath,* 261 Ark. 192, 547 S.W.2d 121 (1977), "simple repairs or replacements are no longer exempt; the machinery must be replaced in its en-tirety." There it was argued that the replacement of small

wheels, posts, or swivels, of a glass cutting wheel by new ones constituted a replacement of machinery 'in its entirety' "because each little part is a unit in itself." We said that substituting these items does not constitute replacement of a machine in its entirety. It is true that there is a vast dissimilarity in size, form and function of the replacement items here and those in *Fourco*. However, we are unable to consider that a controlling distinction here. We doubt, as did the chancellor, that the legislature intended to exempt the replacement of component parts of a single machine which is used for a single purpose. To doubt is to deny.

We now turn to the two remaining items claimed to be exempt; i.e., rotary tongs—used whenever it is necessary to attach and detach the various sections of the drill string, and slips—used to hold the drill string stationary whenever the sections are attached and detached. In our view these two items, component parts of the rig, should be considered as equipment and therefore are not exempt as replacement items under § 84-3106 (D)(2)(b).

Affirmed.