108

Charles RAGLAND, Commissioner of Revenues,
Department of Finance & Administration *v.*
ARKANSAS VALLEY COAL SERVICES, INC.

81-189                                          627 S.W. 2d 559

Supreme Court of Arkansas
Opinion delivered February 8, 1982

*Kelly S. Jennings,* for appellant.

*Bethell, Callaway & Robertson,* by: *Bruce H. Bethell,*
for appellee.

DARRELL HICKMAN, Justice. The question presented is
whether machinery used by the appellee, Arkansas Valley
Coal Services, Inc., to crush and blend coal qualifies for an
exemption allowed by Arkansas's compensating (or use) tax
law. Ark. Stat. Ann. § 84-3106 (D) (2) (Repl. 1980). The
statute exempts equipment or machinery directly used in
manufacturing and specifies mining as a type of manu-
facturing. Arkansas Valley paid a use tax of $2,383.14 under
protest. The trial court held that Arkansas Valley was an

integral part of the coal mining industry within the meaning of the statute and therefore entitled to the exemption. We disagree.

The facts are undisputed. Arkansas Valley buys coal from mining companies, crushes and blends it, and then sells it to steel mills. Arkansas Valley argues that when they crush and blend coal they are converting a raw material into a useable and salable product, a process that would be included in the ordinary meaning of "manufacturing." However, our cases have held that merely putting raw material into a marketable form is not manufacturing. In *Scurlock* v. *Henderson,* 223 Ark. 727, 268 S.W. 2d 619 (1954), we held that cotton ginning was not manufacturing.[1] In *Gaddy* v. *Hummelstein Iron & Metal, Inc.,* 266 Ark. 1, 585 S.W. 2d 1 (1979), we said that a scrap metal dealer who bought scrap metal, cleaned and sorted the different kinds of metal, compressed it into cubes and sold it, was not a manufacturer. In *Hummelstein* we elaborated on the rule applied in *Scurlock:*

> The controlling principle, as we see it, is simply that the cotton ginner begins and ends with the same commodity, cotton, in an unmanufactured form, just as the appellee begins and ends with scrap metal that is yet to be made into something else.

Arkansas Valley's process does not change the essential identity of the coal. The coal is simply crushed and blended. It is a salable product when Arkansas Valley buys it and merely crushing it into smaller pieces for use as fuel is not "manufacturing." As the United States Supreme Court confirmed in *East Texas Motor Freight Lines, Inc.* v. *Frozen Foods Express,* 351 U.S. 49 (1955):

> Manufacture implies a change, but every change is not manufacture, and yet every change in an article is the result of treatment, labor and manipulation. But

---

[1]The statute then in effect, Act 487 of 1949, § 6, was amended in 1955, after *Scurlock* v. *Henderson,* to specifically include cotton ginning as a form of manufacturing. The case, nevertheless, provides guidelines helpful in determining what constitutes manufacturing.

something more is necessary, . . . There must be a transformation; a new and different article must emerge, having a distinctive name, character or use.

The admitted facts preclude any finding that Arkansas Valley is engaged in "mining" within the meaning of the Statute. BLACK'S LAW DICTIONARY (5th ed. 1981) defines "mining" as "the process or business of extracting from the earth the precious or valuable metals either in their native state or in their ores." Arkansas Valley buys the coal, it does not mine it.

A taxpayer must clearly establish his right to an exemption. If there is any doubt as to that right, the exemption must be denied. *S.H. & J. Drilling Corp.* v. *Qualls,* 268 Ark. 71, 593 S.W. 2d 178 (1980); *Gaddy* v. *Hummelstein Iron & Metal, supra.* Arkansas Valley has not clearly established its right to the exemption allowed by Ark. Stat. Ann. § 84-3106 (D) (2).

Reversed.