Charles D. RAGLAND, Commissioner of Revenues,
State of Arkansas *v.* QUALITY SCHOOL PLAN, INC.

82-295                                          651 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered May 23, 1983
[Rehearing denied June 27, 1983.]

*Kelly S. Jennings,* for appellant.

*Friday, Eldredge & Clark,* by: *A. Wyckliff Nisbet, Jr.,* for
appellee.

JOHN I. PURTLE, Justice. The Commissioner of Rev-
enues for the State of Arkansas brings this appeal from a

decree of the Pulaski County Chancery Court wherein it was held that appellee did not owe the assessment for use tax. The commissioner contends the trial court erred in finding the appellee, hereinafter referred to as QSP, was not a "vendor" and did not make a "sale" within the meaning of the Arkansas Compensating Use Tax Act. We agree with the commissioner.

The facts are undisputed. The appellee, QSP, represented about 100 publishers of magazines. Appellee's agents went to various schools within the State of Arkansas and recruited students to sell magazines. There was always a sponsor who controlled the students and received the orders or subscriptions. Checks were made payable to the school and the school retained 40% of each order, forwarding the balance to a clearing house designated by appellee. All materials for soliciting and ordering were furnished by appellee. The audit period in question was July 1, 1975 through June 30, 1978. The amount collected for magazine subscriptions during the audit period was $733,415.10. A tax in the amount of $22,002.45 was assessed and a penalty of $2,981.69 was imposed against appellee. These sums were paid by appellee under protest. Suit for recovery was filed and on September 10, 1982, the chancellor held that a refund was due because there had been no "sale" by appellee within the meaning of Ark. Stat. Ann. § 84-3104 (f) (Repl. 1980) nor was QSP a "vendor" as defined by Ark. Stat. Ann. § 84-3104 (d). The court also held that magazine subscriptions were "tangible personal property" as defined in Ark. Stat. Ann. § 84-3104 (k).

We first consider whether appellee was a "vendor" within the meaning of the act. The first consideration is the statute [Ark. Stat. Ann. § 84-3104 (d)] which reads:

The term "vendor" means and includes every person engaged in making sales of tangible personal property, by mail order, by advertising, by agent; or peddling tangible personal property, soliciting or taking orders for sales of same for storage, use or consumption in this State; and all salesmen, solicitors, hawkers, representatives, consignees, peddlers or canvassers as agents

of the dealers, distributors, consignors, supervisors, principals or employers under whom they operate or from whom they obtain the tangible personal property sold by them. Irrespective of whether they are making sales on their own behalf or on behalf of such dealers, distributors, consignors, supervisors, principals or employers, they must be so regarded as vendors, and the dealers, distributors, consignors, supervisors, principals or employers must be regarded as vendors for purposes of this Act.

This definition is quite inclusive. A sale cannot be made in Arkansas without someone being the vendor. However, appellee strongly insists that the students made the sales and the publishers accepted the money for the various magazines thereby eliminating the appellee as the vendor. It insists that the parties (students in this case) selling the tangible personal property are vendors or in the alternative the publishers are the vendors. Appellee contends it occupies the position of advisor or perhaps independent contractor, but denies it is a vendor within the meaning of Ark. Stat. Ann. § 84-3104 (d).

We do not find that we have previously construed this portion of this particular statute in reference to the situation before us. However, the Alabama Court of Appeals issued an opinion which seems to be on all fours with the one before us. *Quality School Plan, Inc.* v. *State of Alabama,* 53 Ala. App. 418, cert. den. 293 Ala. 771 (1974). The Alabama Use Tax Act was very similar to the Arkansas law. We find the Alabama case to be persuasive. There it was found that the students selling subscriptions were salesmen or agents. In the present case it was agreed to by the parties and subsequently held by the court, that magazine subscriptions were items of tangible personal property. Someone was the vendor and we think that of all the candidates the appellee best fits the statutory description of a vendor.

Next we consider the matter of a "sale" within the terms of the Arkansas Compensating Use Tax Act. We agree with appellant and appellee that there have been sales of items of tangible personal property, i.e., magazine subscriptions.

Since all agree that a sale within the meaning of the act has been made we must decide who made the sale. In order to have a better understanding of the problem it is necessary to cite Ark. Stat. Ann. § 84-3104 (f).

> The term "sale" means any transfer, barter or change of the title or ownership of tangible personal property; or the right to use, store or consume the same, for a consideration paid or to be paid, in installments or otherwise, and includes any transaction whether called leases, rentals, bailments, loans, conditional sales, or otherwise, and notwithstanding that the title or possession of such property, or both, is retained for security. For the purpose of this Act the place of delivery of tangible personal property to the purchaser, user, storer or consumer shall be deemed to be the place of sale, whether such delivery be by the vendor or by common carriers, private contractors, mails, express, agents, salesmen, solicitors, hawkers, representatives, consignees, peddlers, canvassers, or otherwise.

It is obvious that the foregoing definition includes almost any transfer of ownership to tangible personal property. Again we refer to *Quality School Plan, Inc.* v. *State of Alabama, supra.* In the Alabama case as well as the case before us, QSP had two employees in the state who would go to various schools and encourage the sale of magazine subscriptions. QSP furnished all promotional literature, order forms and reporting forms. Whatever instructions were furnished to the schools came from QSP and its employees. The Alabama court stated: "Under these facts the conclusion is inescapable that QSP sold magazine subscriptions through student salesmen." Considering the facts of the instant case we think our conclusion must be that the appellee, through its agents, made sales of tangible personal property within the State of Arkansas.

We agree with the finding of the chancellor that a magazine subscription is "tangible personal property" within the meaning of Ark. Stat. Ann. § 84-3104 (k). This appears to have been conceded by the appellee on the third page of its brief where it is stated: "It is unquestionable that

an item of personal property (i.e., a magazine) has been sold within the meaning of the Act. The parties do not disagree on this point." From the facts previously stated we are of the opnion that the chancellor was not erroneous in making this determination. A magazine is obviously tangible and the sale was made by the students when they collected the price of the subscription.

We agree with appellee that this court adheres to the principle that in applying a tax statute it must be construed most strongly against the taxing power. *Gaddy* v. *DLM, Inc.*, 271 Ark. 311, 609 S.W.2d 6 (1980). When we are construing an exemption we construe it most strongly against the party seeking to come within the exemption. *S. H. & J. Drilling Corp.* v. *Qualls*, 268 Ark. 71, 593 S.W.2d 178 (1980).

We think the weight of the evidence in this case supports the conclusion that the appellee is the vendor and that a sale of tangible personal property was made each time a student sold a subscription to a magazine. Therefore, the case will be reversed and remanded with directions to hold for the commissioner in levying and collecting this tax.

Reversed and remanded.