Mahlon A. MARTIN, Director, Department of Finance and Administration, et al. *v.* RIVERSIDE FURNITURE CORPORATION

86-273                                      730 S.W.2d 483

Supreme Court of Arkansas
Opinion delivered June 8, 1987
[Rehearing denied July 13, 1987.*]

---

* Hickman, J., would grant rehearing.

*Timothy J. Leathers, Joseph V. Svoboda, Wayne Zakrzewski, Kelly S. Jennings, Ann Kell, Joe Morphew, Philip Raia,* and *Robert Jones,* by: *John Theis,* for appellant.

*Don A. Smith* and *Thomas Harper,* for appellee.

DAVID NEWBERN, Justice. This appeal challenges a use tax imposed on advertising materials. Riverside Furniture Corporation is an Arkansas corporation, located in Fort Smith, which manufactures furniture for sale throughout the United States. An audit was conducted of Riverside's records and books by the Department of Finance and Administration for the period of 1979-1982. The auditor found invoices for advertising materials, catalog inserts, photographs, and ad slicks. These materials were purchased from out-of-state companies for Riverside to distribute to its sales representatives and dealers outside Arkansas.

The materials were delivered to the Fort Smith office where they were collated, packaged, and mailed to the sales representatives and dealers located outside Arkansas.

On July 7, 1982, Riverside received a notice of assessment of use tax, penalty, and interest. After exhausting its administrative remedies, Riverside filed suit alleging the advertising materials were exempt from taxation. The parties stipulated that some of the advertising materials were incorrectly included in the assessment. The tax paid on those items would be refunded. The chancellor determined that the remaining items were exempted because they had not "finally come to rest" in Arkansas. We disagree.

The standard of review for tax exemption cases is trial *de novo* upon the record, and we will not reverse the chancellor's findings of fact unless they are clearly erroneous. *Western Paper Co.* v. *Qualls*, 272 Ark. 466, 615 S.W.2d 369 (1981); *S.H. & J. Drilling Corp.* v. *Qualls*, 268 Ark. 71, 593 S.W.2d 178 (1980). The party claiming the exemption has the burden of proving that he is entitled to the exemption beyond a reasonable doubt. *Ragland* v. *K-Mart Corp.* 274 Ark. 297, 624 S.W.2d 430 (1981); *Western Paper Co.* v. *Qualls, supra.* Tax exemption provisions must be strictly construed against exemption with any doubt justifying taxation. *Arkansas Beverage Co.* v. *Heath*, 257 Ark. 991, 521 S.W.2d 835 (1975).

Ark. Stat. Ann. § 84-3105(a) (Repl. 1980) provides for the imposition of a use tax. That statute reads:

> There is hereby levied and there shall be collected from every person in this State a tax or excise for the privilege of storing, using or consuming, within the State, any article of tangible personal property . . . purchased for storage, use or consumption in this State. . . . This tax will not apply with respect to the storage, use or consumption of any article of tangible personal property purchased, produced or manufactured outside this State until the transportation of such article has finally come to rest within this State or until such article has become commingled with the general mass of property of this State. . . .

The last sentence of the statute recognizes the constitu-

tional limitation of a state's imposition of a tax on goods in interstate transit. If the goods have not "come to rest" within the state, they are still in the stream of interstate commerce, and a tax may not be levied. The question we are presented with here is whether the advertising materials came to rest within this state. If so, a tax on the materials does not impermissibly burden interstate commerce.

We have considered this exemption on two previous occasions. First, in *American Television Co.* v. *Hervey*, 253 Ark. 1010, 490 S.W.2d 796 (1973), a television station contracted with an out-of-state firm to furnish movies for broadcasting on the station. After the movie was shown, it was returned. A use tax was imposed on the video tapes. We determined the tapes had come to rest within the state for the intended use — to be broadcast.

In *Skelton* v. *Federal Express Corp.*, 259 Ark. 127, 531 S.W.2d 941 (1976), Federal Express purchased eighteen Falcon Jet airplanes. These planes were delivered to Federal Express offices in other states, but the planes were transported to the Little Rock office for modifications before they could be used for delivery service. It took about fifty days for each plane to be modified, then the planes were sent to Memphis. A use tax was imposed on the planes. We upheld the imposition of the use tax because the modifications were not incidental to the transportation of the aircraft.

The advertising materials did "finally come to rest" in Arkansas within the meaning of the statute. The materials were purchased by Riverside for mailing to its sales representatives and dealers who are all outside the state.

The materials were shipped to Fort Smith where they were, albeit for a short period, removed from interstate commerce for the purpose of packaging, addressing, mailing, and, in the case of the catalog inserts, collating, before being sent on to the sales representatives. The evidence also showed that Riverside retained a number of the items in Fort Smith to meet increased demand or emergencies.

We hold therefore that the advertising materials are not exempted from the use tax. The materials came to rest within the state and, during the time they were processed for dispersal from

Fort Smith, were not a part of interstate commerce. The use tax may properly be imposed. *Southern Pacific Co.* v. *Gallagher*, 306 U.S. 167 (1939); *Inter-State Nurseries, Inc.* v. *Iowa Dept. of Revenue*, 164 N.W.2d 858 (Iowa 1969).

The citation to the *Gallagher* case leads us to consider a point that was not addressed by either party. The case of *Burlington Northern Railroad Company* v. *Ragland*, 280 Ark. 182, 655 S.W.2d 437 (1983), implies that *Gallagher* is no longer good authority for determining whether an item is within the stream of interstate commerce. That implication is based on the United States Supreme Court decision of *Complete Auto Transit Inc.* v. *Brady*, 430 U.S. 274 (1977), which we said set out a new test for determining such matters.

■ We take this opportunity to recognize that *Brady* does not address that question of whether an item's transit through interstate commerce is continuous or sufficiently interrupted so as to come to rest. *Brady* involves the question of whether a foreign entity has a sufficient connection with the state to allow the state to impose a tax on the entity's activities. Any language in *Burlington* that extends the *Brady* holding beyond this point is incorrect.

The dissenting opinion cites no authority for its stark and incorrect proposition that this decision encroaches on the legislative function. The error of the dissent becomes apparent when one asks how it would be any more "interpretive" and less "legislative" if we were to reach the opposite result. If the suggestion is meant to be that the result we reach is an unreasonable interpretation, we simply must disagree. Advertising materials are "used" when they "come to rest" long enough to be sent to those sought to be influenced by them. We are interpreting § 84-3105(a) in the manner we think intended by the general assembly.

Reversed.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. I would affirm the chancellor because the advertising material was not used in Arkansas and it did not finally come to rest within the state for taxation purposes.

Goods and merchandise purchased in Arkansas are generally subject to a sales tax. Goods and merchandise purchased outside Arkansas and brought into the state for use in the state are subject to the use tax. The legislature has recognized, and rightly so, that goods merely passing through the state, not used here, should not be taxed. In fact Ark. Stat. Ann. § 84-3105(a) (Repl. 1980) says:

> This tax will not apply with respect to the storage, use or consumption of any article of tangible personal property purchased, produced or manufactured outside this State until the transportation of such article has finally come to rest within this State or until such article has become commingled with the general mass of property of this State. . . .

The advertising materials here did not finally come to rest in Arkansas. The only "use" was the packaging and mailing of the material out-of-state.

In *Burlington Northern Railroad Co., et al* v. *Ragland*, 280 Ark. 182, 655 S.W.2d 437 (1983), we denied the application of the use tax to railway cars loaded for the first time in Arkansas. In *American Television Co.* v. *Hervey*, 253 Ark. 1010, 490 S.W.2d 796 (1973), we upheld the use tax on video tapes used by a television station. Both of these decisions were right in my judgment. The case of *Skelton* v. *Federal Express Corp.*, 259 Ark. 127, 531 S.W.2d 941 (1976), is wrong in my opinion. A use tax was applied to airplanes transported to Arkansas, not for use, but for modifications. The airplanes were never used in Arkansas, nor intended for use here, and to tax them at their market value was, in my judgment simply to rewrite the use tax law. Courts are often accused of "legislating." There is, of course, a difference between interpreting legislative acts and simply changing them. The former is permissible — the latter is an abuse of power for which there is no direct remedy. The majority decision in this case is a clear encroachment by this court on the power of the legislature.