ALUMINUM COMPANY of AMERICA *v.* Richard A. WEISS, Director, Arkansas Department of Finance and Administration

97–258                                    946 S.W.2d 695

Supreme Court of Arkansas
Opinion delivered June 23, 1997

*Mitchell, Williams, Selig, Gates & Woodyard P.L.L.C.*, by: *Marcella J. Taylor* and *Marsha Talley*, for appellant.

*Kenneth R. Williams*, for appellee.

RAY THORNTON, Justice. Beginning in August 1990, Aluminum Company of America, appellant, leased heavy equipment to mitigate environmental damages resulting from mining operations that it had conducted for many years until mining ended in 1990. ALCOA brings this appeal from an Arkansas Department of Finance and Administration decision that denied the company a refund of $61,196.50 paid by appellant as gross receipts taxes on the amounts paid in leasing that equipment. ALCOA claims that it is entitled to an exemption from gross receipts taxes for the lease of equipment used to prevent or reduce pollution, in accordance with the provisions of Ark. Code Ann. § 26-52-402(a)(3) (Supp. 1995).

ALCOA filed a complaint in chancery court, appealing the DF&A decision, and after hearing arguments on cross motions for summary judgment, the chancery court granted DF&A's motion for summary judgment. ALCOA brings its appeal to this court from that chancery court order, arguing that the trial court erred in (1) its construction of the pollution-control exemption; (2) in considering arguments from DF&A that were not presented at the agency level; and (3) in finding that DF&A's decision to

deny the exemption was not arbitrary and capricious. We review tax exemption cases de novo upon the record and we will not reverse the chancellor's findings unless they are clearly erroneous. *Martin v. Riverside Furniture Corp.*, 292 Ark. 399, 730 S.W.2d 483 (1987). We have decided that the denial of the exemption by DF&A was based upon a correct interpretation of the statute, and that the trial court agreed with that result; therefore it is not necessary to reach the remaining arguments.

DF&A informed ALCOA of the denial of payment of the requested tax refund, stating:

> With respect to ALCOA's claim for refund of sales tax accrued and reported on rentals of equipment from J.A. Riggs, the Department has determined that the rental of tractor scrapers, a backhoe, a tractor and a dozer are not exempt from tax under the "pollution control" exemption (Ark. Code Ann. § 26-52-402(a)(3)). This equipment was used in completing a post-mining reclamation project and was not used to reduce pollution from actual mining operations.

In denying the tax refund, DF&A reasoned that the leased equipment was not exempt from taxation pursuant to Ark. Code Ann. § 26-52-402(a)(3) because it was used in a post-mining reclamation project rather than to reduce pollution from ongoing mining operations. The statute provides exemptions from gross receipts taxes including the following:

> Gross receipts or gross proceeds derived from the sale of tangible personal property consisting of machinery and equipment required by state law or regulations to be installed and utilized by manufacturing and processing plants or facilities in this state to prevent or reduce air or water pollution or contamination which might otherwise result from the operation of the plant or facility.

*Id.* § 26-52-402(a)(3).

The legislative intent is articulated as follows:

> It is the intent of this section to exempt only such machinery and equipment as shall be utilized directly in the actual manufacturing or processing operations at any time from the initial stage where actual manufacturing or processing begins through the completion of the finished article of commerce and the packaging of the finished end product. The term "directly" as used in this act is to

limit the exemption to only machinery and equipment used in actual production during processing, fabricating, or assembling raw materials or semifinished materials into the form in which such personal property is to be sold in the commercial market.

Ark. Code Ann. § 26-52-402(c)(1).

■ Agency interpretations of a statute, while not conclusive, are highly persuasive. *In Re Sugarloaf Mining Co.*, 310 Ark. 772, 840 S.W.2d 172 (1992). The first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Board of Trustees v. Stodola*, 328 Ark. 194, 942 S.W.2d 255 (1997).

■ The exemption provided by the statute is applicable to machinery or equipment installed to mitigate pollution resulting from the continuing operation of the plant or facility. In *Heath v. Research-Cottrell, Inc.*, 258 Ark. 813, 529 S.W.2d 336 (1975), we held that a cooling tower used by the taxpayer was exempt as pollution control equipment because it was used to remove heat, as a pollutant, from water, before the water was discharged into the environment. The cooling tower was used in the operation of the facility and was also installed. By contrast, we have determined that the exemption does not apply to monitoring equipment, however useful, that does not mitigate environmental pollution. *Southern Steel & Wire Co. v. Wooten*, 276 Ark. 37, 631 S.W.2d 835 (1982).

■ Tax exemption provisions must be strictly construed against exemption, and if there is any doubt concerning its application, the exemption must be denied. *Martin v. Riverside Furniture Corp.*, 292 Ark. 399, 730 S.W.2d 483 (1987). It is the taxpayer's burden to establish an entitlement to an exemption from taxation beyond a reasonable doubt. *Pledger v. Baldor Int'l Inc.*, 309 Ark. 30, 827 S.W.2d 646 (1992); *Heath v. Research-Cottrell, Inc.*, 258 Ark. at 816, 529 S.W.2d at 337. A strong presumption operates in favor of the taxing power. *Ragland v. General Tire & Rubber Co.*, 297 Ark. 394, 763 S.W.2d 70 (1989).

We find that the interpretation by DF&A is based on the plain language of the statute. The language of Ark. Code Ann. § 26-52-402(b)(3) bases the exemption from taxes upon a require-

ment that pollution-control equipment be installed and used to prevent or reduce air or water pollution that results from the operation of a plant or facility. We agree with DF&A's determination that the statutory exemption does not apply to appellant's lease of equipment for a reclamation project.

ALCOA has not established that it is entitled to the exemption beyond a reasonable doubt, and because a tax-exemption provision must be strictly construed against the exemption, we affirm.

Affirmed.