Drexel WILLIAMS d/b/a RIVERVIEW DAIRY
*v.* Marlo DAVIS et al

CA 83-44                                     659 S.W.2d 514

Court of Appeals of Arkansas
Division II
Opinion delivered October 26, 1983
[Rehearing denied November 23, 1983.]

*David M. Hodges* and *Dan M. Orr,* for appellant.

*Murphy, Post, Thompson & Arnold,* by: *Blair Arnold;* and *Terry M. Poynter,* for appellees.

Lawson Cloninger, Judge. Appellant, Drexel Williams, d/b/a Riverview Dairy, and Amel Haley entered into a lease agreement in 1973, whereby Haley was to operate a

dairy business, including land, cattle and equipment owned by Williams. On July 24, 1980, Williams filed a complaint against Haley in the Circuit Court of Fulton County, Arkansas, alleging that Haley, without authority from Williams, sold 63 head of cattle belonging to Williams. At the same time, Williams filed an affidavit and bond for replevin asking for delivery of the cattle.

On July 30, 1980, Williams filed a complaint in replevin in the Circuit Court of Fulton County against Marlo Davis, one of the appellees here, alleging that Davis was in possession of the 63 head of cattle and unlawfully detained them. Marlo Davis then filed a third party complaint against appellees, Robert Threlkeld and Sammy Gresham, d/b/a T & G Cattle Company, alleging that Threlkeld and Gresham had sold the cattle in question to Davis and had warranted title to the animals.

An order was entered in Fulton Circuit Court on August 26, 1980, which provided that the cattle remain in the possession of Davis pending further hearing. The court also ordered Threlkeld and Gresham to deposit $25,000 as a bond to satisfy any judgment entered against them in favor of Williams or Davis.

The cases were transferred from Fulton County Circuit Court to Fulton County Chancery Court on October 26, 1981. On June 3, 1982, testimony was taken on the consolidated cases, and at a point in the hearing before Williams had completed the presentation of his evidence, the court allowed a continuance in order for the parties to attempt to reach a settlement.

On September 29, 1982, the attorney for Davis, Threlkeld and Gresham moved to dismiss Williams' action against them on the basis of an alleged settlement as to them. The trial court entered an order of dismissal, stating:

> I am going to grant the motion to dismiss on the basis that the case was settled and I'm doing that to some extent because I think the complaints . . . are of marginal merit.

It is from this judgment that appellant, Drexel Williams, brings this appeal. At the hearing on the motion to dismiss there was no formal taking of testimony. The entire record relating to a settlement consists of statements made by the attorneys for the parties. The authority of the attorneys to effect a settlement is not questioned in this case, and the reception of the statements by the attorneys as a basis for the court's decision is not made an issue.

The question on this appeal is whether the trial court was in error in dismissing appellant's complaint on the basis of what the court found to be a compromise settlement. We hold that the finding by the trial court that there was a settlement is clearly against a preponderance of the evidence and we reverse. Appellant also argues that the trial court erred in treating the motion of appellees as a motion for summary judgment, but in view of our ruling on appellant's first point we do not find it necessary to reach the second.

The rule in Arkansas with respect to compromises and settlement agreements is stated in the case of *Burke* v. *Downing Co.*, 198 Ark. 405, 129 S.W.2d 946 (1939). There it was held that the law favors amicable settlement of controversies and it is the duty of courts to encourage rather than to discourage parties in resorting to compromise as a mode of adjusting conflicting claims. Such agreements are binding without regard to which party gets the best of the bargain or whether all the gain is in fact on one side and all the sacrifice on the other. However, a settlement is contractual in nature and to have legal validity, it must possess the essential elements of any other contract. See 15 (a) C.J.S. § 1; *Compromise and Settlement* (1967); Corbin on *Contracts* § 1278 (1951); *Folsom* v. *Butte County Association of Governments*, 652 P.2d 437 (Cal. 1982).

In the instant case there is simply no evidence that any agreement or "meeting of the minds" took place between the parties. In fact, the only written document which alleges any agreement whatsoever in the record is in the motion to dismiss itself. No testimony was taken at trial on the issue and appellant's attorney repeatedly denied that any settlement took place. Since there is no competent evidence in the

record of any agreement reached between the parties and in light of the above stated rule that general principles of contract law apply to settlements and compromises, it is the opinion of this court that the trial judge's decision that this case was settled is clearly against the preponderance of the evidence.

Hence, we reverse and remand to the trial court.

CRACRAFT and GLAZE, JJ., agree.