# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-1011/1394/1448

_____

| | | |
|---|---|---|
| Transcontinental Insurance Company; Transportation Insurance Company, | * * * | |
| Appellants/Cross-Appellees, | * | |
| v. | * * * | Appeals from the United States District Court for the Eastern District of Arkansas. |
| Rainwater Construction Company, LLC; Timothy Rainwater; Arthur D. Rainwater; Rickey J. Kitchen, | * * * * | |
| Appellees/Cross-Appellants. | * | |

_____

Submitted: November 15, 2007
Filed: December 5, 2007

_____

Before RILEY, TASHIMA,[1] and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Rainwater Construction Company, LLC (Rainwater) purchased insurance policies from Transcontinental Insurance Company and Transportation Insurance Company, both subsidiaries of CNA Financial Corporation (collectively, CNA). The insurance policies contained a "Named Driver Exclusion Endorsement," which stated

_____

[1]The Honorable A. Wallace Tashima, United States Circuit Judge for the Ninth Circuit, sitting by designation.

that insurance coverage "does not apply to any claims, damages, expenses or 'loss' . . . arising out of the maintenance, operation or use of any 'auto' by [Rickey Joseph Kitchen (Kitchen)]." On October 19, 2005, as Kitchen drove a Rainwater truck and trailer over an overpass, the trailer detached from the truck, crashing into Scottie Lane's (Lane) truck and seriously injuring both Lane and Michael New (New), a passenger in the truck.

Lane, New, and their respective wives filed suit in the Circuit Court of Craighead County, Arkansas, in cause numbers CV-2006-235(DB) and CV-2006-270(JF) (state court actions).[2] CNA defended under a reservation of rights and then filed this declaratory judgment action in the United States District Court for the Eastern District of Arkansas in case number 3:06-CV-00083-GH (federal court action). In the federal court action, CNA sought a declaratory judgment that Rainwater's insurance policies precluded insurance coverage under the Named Driver Exclusion Endorsement for any judgment against Rainwater in the state court actions. The district court determined that Rainwater's CNA insurance policies provided coverage because the sole proximate cause of the accident was "the improperly attached trailer, not Kitchen's driving." The district court also ordered Rainwater to submit a request for attorney fees pursuant to Arkansas Code section 23-79-209(a).

CNA then accepted the Lanes' and News' policy limits settlement demand of $2 million. The settlement agreement, in letter form, expressly provided:

> Transcontinental Insurance Company and Transportation Insurance Company (CNA) accept your clients' joint settlement demand of $2 million dollars, payable to the Lanes and News and their counsel, in exchange for a full release and dismissal with prejudice of all claims against CNA and its insureds, Rainwater Construction Company, LLC, Rickey Kitchen, Sharon Rainwater, Timothy Rainwater, Arthur D.

[2]Scottie and Debbie Lane and Michael and Charlotte New are not parties in this appeal.

Rainwater, asserted in Cause No. 3:06CV00083GH and in Cause No. CV 2006-235(DB), each party to bear their own costs and fees. Mr. Emerson will draft the formal releases and the dismissal documents in the state case. I will immediately advise the district court that the cases have settled and will file with the Eighth Circuit a motion to vacate and dismiss the federal suit.[3]

CNA mailed the settlement agreement letter to Rainwater's attorney and provided a signature block for Rainwater's attorney's signature. Rainwater's attorney signed the settlement agreement on behalf of Rainwater. CNA paid the $2 million settlement.

Thereafter, the district court granted Rainwater's attorney fees claim in the amount of $23,667.50. CNA appeals the attorney fees award, arguing (1) the settlement agreement required "each party to bear their own costs and fees," and (2) Rainwater was not entitled to an attorney fees award because the district court erred in interpreting Rainwater's insurance policies. Rainwater cross-appeals the amount of the attorney fees award.

## I.  DISCUSSION

We review de novo the district court's interpretation of the settlement agreement. Little Rock Sch. Dist. v. N. Little Rock Sch. Dist., 109 F.3d 514, 516 (8th Cir. 1997). Because the federal courts have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 9 (1989), we apply the substantive law of the State of Arkansas, see HOK Sport, Inc. v. FC Des Moines, L.C., 495 F.3d 927, 934 (8th Cir. 2007).

Under Arkansas law, settlement agreements are treated as contracts. See Williams v. Davis, 659 S.W.2d 514, 515 (Ark. Ct. App. 1983). "[T]he first rule of

---

[3]Although the settlement agreement did not specifically reference Arkansas cause number CV-2006-270(JF), the parties agree the settlement agreement resolved this case.

interpretation of a contract is to give to the language employed the meaning which the parties intended." First Nat'l Bank of Crossett v. Griffin, 832 S.W.2d 816, 819 (Ark. 1992). "When contracting parties express their intention in a written instrument in clear and unambiguous language, it is our duty to construe the written agreement according to the plain meaning of the language employed." C. & A. Constr. Co. v. Benning Constr. Co., 509 S.W.2d 302, 303 (Ark. 1974). "To arrive at the intention of the parties to a contract, courts may acquaint themselves with the persons and circumstances and place themselves in the same situation as the parties who made the contract." Schnitt v. McKellar, 427 S.W.2d 202, 207 (Ark. 1968).

Rainwater asserts the settlement agreement is ambiguous regarding the release of Rainwater's attorney fees claim. Although the settlement agreement could have conclusively resolved this issue by providing "each party to bear their own costs and *attorney* fees," simply because the settlement agreement could have been written with exact clarity does not imply the settlement agreement is ambiguous. Rather, where the only *fees* in dispute were Rainwater's *attorney fees*, the settlement agreement is only susceptible to one reasonable interpretation. In this context, the plain meaning of "fees" refers to Rainwater's attorney fees. Under these circumstances, the settlement agreement unambiguously and sufficiently provided that Rainwater released its attorney fees claim.

Rainwater also asserts the settlement agreement did not resolve the federal litigation because (1) CNA accepted the settlement offer of the Lanes and News, who had no authority to release Rainwater's attorney fees claim; and (2) Rainwater would not have gratuitously released its attorney fees claim. In writing the settlement agreement letter, CNA expressly referenced the federal action's case number and submitted the settlement agreement to Rainwater's attorney. The first addressee on the settlement agreement letter was Rainwater's attorney, followed by the attorneys for the Lanes and the News. The letter expressed a payment of $2 million to the Lanes and the News "in exchange for a full release and dismissal without prejudice of all

claims against CNA" asserted in the federal action. Rainwater's attorney received the letter and signed the acceptance signature block on behalf of Rainwater, accepting the terms of the settlement agreement.[4] By entering into the settlement agreement, Rainwater released its attorney fees claim in exchange for the settlement of the Arkansas state court litigation (in which Rainwater potentially faced liability for any judgment in excess of the policy limits) and the dismissal of CNA's appeal of the district court's judgment (in which Rainwater risked reversal of the district court's coverage decision).

## II.   CONCLUSION

Because we conclude Rainwater released its attorney fees claim, we need not consider CNA's and Rainwater's other arguments.[5] We reverse and vacate the district court's award of attorney fees.

_____

[4]The settlement agreement letter directed, "Please sign at the bottom to acknowledge that this comports with your clients' understanding."

[5]We express no opinion regarding the propriety of the district court's interpretation of the insurance policy.