
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-653

| | |
|---|---|
| KIM HUDSPETH (NOW LEMONS) | **Opinion Delivered:** January 25, 2017 |
| APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62DR-2011-18-3] |
| V. | |
| ROBERT HUDSPETH, ADMINISTRATOR OF THE ESTATE OF BRAD HUDSPETH | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE |
| APPELLEE | REVERSED |

## RAYMOND R. ABRAMSON, Judge

This appeal involves a dispute over the proceeds of a life insurance policy on the life of Brad Hudspeth, deceased. Brad and appellant Kim Hudspeth, now Lemons, were divorced by decree of the St. Francis County Circuit Court on August 30, 2011. Incorporated into the Hudspeths' divorce decree was a property-settlement and separation agreement. Brad Hudspeth died intestate on October 11, 2015.

On January 4, 2016, Metropolitan Life Insurance Company (Met Life), the insurance carrier for Brad Hudspeth's life insurance policy, paid the policy limits of approximately $60,000 to Kim Hudspeth, the named beneficiary of the policy. Appellee Robert Hudspeth, brother of Brad and administrator of the estate of Brad Hudspeth, filed a motion to enforce the divorce decree and for a temporary injunction, alleging that the property-settlement

agreement precluded Kim from receiving life-insurance proceeds. The circuit court found that Kim had waived her right to the proceeds and awarded appellee the life insurance proceeds. Kim appeals from that decision, contending that the circuit court erred. We agree and reverse the circuit court's order.

During the Hudspeth marriage and at the time of the divorce, both Brad Hudspeth and appellant were employed by the United States Postal Service. Brad carried a basic life insurance policy, and he designated Kim as the beneficiary. After the parties divorced, no change was made to the named beneficiary. However, after Met Life paid appellant the benefits, appellee filed a motion to enforce the decree and for a temporary injunction, arguing that pursuant to the parties' divorce decree and paragraph 8 of their property-settlement agreement, each of the parties relinquished any and all claims toward the other party's pension plan or any other benefits to which either party was entitled under the Federal Employees Retirement System. Appellee contended that each party specifically waived any right to claim any portion of the other party's basic benefit plans, special retirement supplements, or thrift savings plan.

On March 3, 2016, the circuit court held a hearing on the matter and found that appellant had waived her right to claim the proceeds of her ex-husband's life insurance policy and therefore awarded the proceeds to appellee. An order entered on April 8, 2016, reflected its ruling. This timely appeal follows.

Our standard of review on appeal from a bench trial is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Foundation Telecomms., Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 238, 16 S.W.3d 531, 536

SLIP OPINION

(2000). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, based on the entire evidence, is left with a firm conviction that an error has been committed. *Mauldin v. Snowden*, 2011 Ark. App. 630, at 2, 386 S.W.3d 560, 562.

Appellant argues that the provision relied on by the appellee and the circuit court fails to specifically address the parties' life insurance policies. We agree. Paragraph 4 of the settlement agreement, which was incorporated into the couple's divorce decree, provides, in part, as follows:

> **4. Defendant's separate–non–marital property.** Defendant owns certain property which he acquired prior to marriage or which is otherwise non–marital property. Defendant shall be entitled to the exclusive ownership of these items of property, and Plaintiff makes no claim toward these items of property. Defendant shall be entitled to the exclusive ownership of the following items of non–marital property:
>
> (1) − (4) . . .
>
> (5) The cash value of any and all life insurance policies insuring his life;
>
> (6) − (10) . . .

This property-settlement and separation agreement was a contractual agreement between appellant and Brad Hudspeth settling property issues of their divorce. Appellee contends that the words "all life insurance policies" preclude Kim from any interest in the Met Life policy on Brad Hudspeth's life. We are not so persuaded and hold that this clause refers only to the cash surrender value of the life insurance policy and not the proceeds payable to a beneficiary (in this case, appellant) on the death of Brad Hudspeth.

In its order, the circuit court also cites the following language in paragraph 8 of the Hudspeths' property-settlement agreement:

**8. Retirement accounts and pension plans.** Both parties are employed by the United States Postal Service. Both parties have Thrift Savings Plans and pension plans through their employment with the United States Postal Service. Each party shall be entitled to the exclusive ownership of all accumulations and benefits in his or her respective Thrift Savings or pension plans. Neither party makes a claim toward the other party's Thrift Savings Plan or pension plan or any other benefits to which either party is entitled under the Federal Employees Retirement System (FERS). More specifically, Plaintiff waives her right to claim any portion of Defendant's basic benefit plan, special retirement supplement, and thrift savings plan. Plaintiff waives her right to claim any survivor benefits under Defendant's benefit plan as a former spouse. Further, Defendant waives his right to claim any portion of Plaintiff's basic benefit plan, special retirement supplement, and thrift savings plan. Defendant waives his right to claim any survivor benefits under Plaintiff's benefit plan as a former spouse. Each party has reviewed the other party's estimated benefits, as set forth on the annual statements provided to Plaintiff and Defendant by the United States Postal Service.

The circuit court appears to base its rulings on paragraphs 4 and 8 when it found that "based upon the language set forth in the parties' divorce decree and separation and property settlement agreement, [appellant] waived and relinquished any right that she had to claim life insurance policy of [Brad Hudspeth] with the United States Postal Service." However, these provisions fail to specifically address the parties' life insurance policies. As noted previously, paragraph 4 references only the cash value of the life insurance policy, and paragraph 8 refers to retirement accounts and pension plans as the only benefits of appellant as a survivor of Brad Hudspeth.

Appellant was paid the insurance proceeds of the Met Life policy as the named beneficiary—not as a former spouse or survivor of Brad Hudspeth. By agreeing with appellee and finding that appellant had waived her right to the proceeds, the circuit court effectively made a new contract between Brad Hudspeth and appellant. It is black-letter law that a court cannot make a contract for the parties but can only construe and enforce the contract that they have made. *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 491,

277 S.W.3d 562, 566 (2008). Brad Hudspeth did not change the named beneficiary on his life insurance policy when he and appellant divorced or at any time before he died. Appellee did not offer any proof that Brad Hudspeth attempted to remove appellant as the designated beneficiary. The circuit court found that Brad Hudspeth never changed the beneficiary of his life insurance policy, although he could have, and we cannot infer from the facts before us that he intended to do so.

In *Allen v. First National Bank of Fort Smith*, 261 Ark. 230, 547 S.W.2d 118 (1977), our supreme court held that when insurance policies are not addressed in a divorce decree, the rights of the designated beneficiaries of the contracts of insurance are determined in accordance with contractual law "without regard to the effect of a divorce between the insured and the beneficiary." *Id*. at 235, 547 S.W.2d at 120. Nowhere in the divorce decree or settlement agreement is there any specific mention of the Met Life policy. Because Brad Hudspeth never changed the beneficiary of that policy from the appellant, she remains the designated beneficiary.

The circuit court's finding that appellant waived any rights to the proceeds is clearly erroneous. The divorce decree does not mention insurance policies. Life insurance is mentioned in paragraph 4, subparagraph 5 of the parties' separation agreement but only as to "cash value of any and all life insurance." The cash value refers to the cash surrender value of a whole life insurance policy, not the payment to the beneficiary upon the death of the insured. Paragraph 8, which the circuit court appears to have relied on in reaching its decision, concerns the parties' pension and profit-sharing plans and makes no mention of life insurance.

Accordingly, we reverse the decision of the circuit court and hold that appellant is entitled to the proceeds of her late ex-husband's life insurance policy.

Reversed.

GLOVER and MURPHY, JJ., agree.

*John D. Bridgforth, P.A., Attorney at Law*, by: *John D. Bridgforth*, for appellant.

*James A. Simpson, Jr.*, for appellee.